OPINION OF THE COURT
Wachtler, J.
Petitioner, a Nassau County patrolman, was charged with multiple violations of the rules and regulations of the Nassau County Police Department. On February 7, 1975, accompanied by counsel, he attended a disciplinary hearing and, based on the determination and recommendation after the hearing, petitioner was served with a notice advising him of his dismissal from the force. It is conceded that petitioner’s counsel was never served with the notice of disposition.
On June 3, 1975, approximately 90 days after petitioner was served with the notice of his dismissal, he commenced an article 78 proceeding to annul the determination and seek reinstatement. Special Term dismissed the proceeding on the ground that it was time-barred pursuant to subdivision d of section 8-13.0 of the Nassau County Administrative Code (L 1939, ch 272, as amd by L 1948, ch 436) in that it was not commenced within 30 days from the service upon the petitioner of the determination sought to be reviewed. The Appellate Division modified the order of Supreme Court and, in effect, reinstated the petition holding that the 30-day Statute of Limitations had not commenced since the attorney for the petitioner at the disciplinary hearing was not served with the determination of the Police Commissioner.
*173 The sole issue before us is whether petitioner’s attorney, who represented petitioner at the disciplinary proceeding, is required to be served with a copy of the determination of the Police Commissioner in order for the 30-day Statute of Limitations provided for in subdivision d of section 8-13.0 of the Nassau County Administrative Code to commence. The section provides: "A petition to review a determination by the commissioner to fine, suspend, dismiss or otherwise discipline a member of the police force shall not be granted after the expiration of thirty days from the service of a notice of such determination upon the member of the force so fined, suspended, dismissed or otherwise disciplined.”
The appellants argue that since this section explicitly states that the 30 days is to commence "from the service of a notice of such determination upon the member”, no requirement to serve the member’s attorney may be implied or imposed as a prerequisite for the running of the time limitation.
 This argument contravenes basic procedural dictates and the fundamental policy considerations which require that once counsel has appeared in a matter a Statute of Limitations or time requirement cannot begin to run unless that counsel is served with the determination or the order or judgment sought to be reviewed (Matter of Hammer v Suffolk County Dept of Labor, 51 AD2d 549).
Indeed, once a party chooses to be represented by counsel in an action or proceeding, whether administrative or judicial, the attorney is deemed to act as his agent in all respects relevant to the proceeding. Thus any documents, particularly those purporting to have legal effect on the proceeding, should be served on the attorney the party has chosen to handle the matter on his behalf. This is not simply a matter of courtesy and fairness; it is the traditional and accepted practice which has been all but universally codified (see, e.g., CPLR 2103, subd [b]; 7506, subd [d]; Executive Law, § 168; Administrative Procedure Act, § 307).
Of course a legislative enactment could specifically exclude the necessity of serving counsel, but any intention to depart from the standard practice must be clearly established and stated in unmistakable terms. Short of that any general requirement that notice must be served upon the party, or as in this case "upon the member of the force” must be read in the accepted sense to require, at least, that notice be served upon the attorney the party has chosen to represent him.
*174 Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
Order affirmed, without costs, because of excessive length of respondent’s brief.