■ JOHN PAGLIAROLI, JR., et al., Respondents, v ZONING BOARD OF APPEALS OF THE VILLAGE OF PHOENIX, Appellant.—Order unanimously reversed, without costs, and petition dismissed. Memorandum: Petitioners commenced the instant CPLR article 78 proceeding on September 22, 1977 to review a determination of respondent made on June 27, 1977. The determination denied petitioners' request for an order reversing a decision of the village building inspector holding that a structure on petitioner's lot was a temporary structure prohibited by the zoning ordinance. It also denied petitioners' alternative request for a variance. Petitioners received notice of the board's decision and of its filing in the village clerk's office. Although petitioners were represented by counsel before the board, their counsel was not notified of the board's action. In a written decision dated January 16, 1978, Special Term granted respondent's motion to dismiss pursuant to CPLR 7804 (subd f), holding that the Zoning Board of Appeals had duly made and filed in the office of the village clerk its final decision denying petitioners' application and that the CPLR article 78 proceeding had not been commenced within 30 days after the filing as required by subdivision 3 of section 7-712 of the Village Law. On March 20, 1978 Special Term, upon reargument, reversed its January 16, 1978 decision on the basis of *Matter of Bianca v Frank* (43 NY2d 168) which was brought to its attention when it appeared in the official advance sheets on January 25, 1978. In *Bianca* the Court of Appeals construed a provision in the Nassau County Administrative Code, requiring a proceeding to review a decision in a disciplinary matter to be commenced within 30 days after service upon

the petitioner of a copy of the decision, as impliedly including a requirement that notice of the decision must also be served upon the petitioner's attorney. The court, acknowledging the existence of established administrative and court proceedings requiring that any document or notice that must be served on a party must also be served on the party's attorney, stated, "This is not simply a matter of courtesy and fairness; it is the traditional and accepted practice which has been all but universally codified (see, e.g., CPLR 2103, subd [b]; 7506, subd [d]; Executive Law, § 168; Administrative Procedure Act, § 307)." *(Matter of Bianca v Frank, supra,* p 173.) It held that unless the provision in question specifically dispenses with the necessity of serving counsel, "any general requirement that notice must be served upon the party * * * must be read in the accepted sense to require, at least, that notice be served upon the attorney the party has chosen to represent him." *(Matter of Bianca v Frank, supra,* p 173.) Notwithstanding the absence of any provision in subdivision 3 of section 7-712 of the Village Law requiring service of notice of the board's determination on a party, Special Term relying on *Bianca,* held that because the attorney had represented petitioners at the hearing and had not been notified of the board's decision, the 30-day period under subdivision 3 of section 7-712 of the Village Law had not commenced to run. This was error. *Bianca* engrafts the accepted procedural practice pertaining to notification of a party's counsel on to the notice provision in the administrative code. It does not create a notice requirement where there is none. For the reasons stated by Special Term in its decision of January 16, 1978, the proceeding should have been dismissed since the petition was not served within 30 days from the date of filing in the village clerk's office (Village Law, § 7-712, subd 3). We have upheld and enforced a virtually identical time limitation in section 82 of the General City Law in the face of contentions that the lack of a provision requiring notice to petitioner of the board's determination rendered the statute unconstitutional *(Alper v Nowakowski,* 58 AD2d 1012). (Appeal from order of Oswego Supreme Court—art 78.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Witmer, JJ.