■ In the Matter of BEATRICE BENJAMIN, Respondent, v STATE OF NEW YORK, DEPARTMENT OF LABOR, Appellant.—Appeal by permission from an order of the Supreme Court at Special Term, dated October 25, 1978 in Sullivan County, which denied the Department of Labor's motion to dismiss the petition herein which, *inter alia,* sought an order directing the Department of Labor to render job service to petitioner. In this article 78 proceeding, petitioner seeks to challenge a determination of the Department of Labor that its local office in Monticello, New York, was unable to render further job service to her (see Labor Law, § 532) because "her pattern of behavior would have an adverse effect on employer relations and constitutes a threat of disruption of local office activities." The department based its determination upon its experience with petitioner over a long period of time, and by letter of December 27, 1977, which was received no later than January 12, 1978, petitioner's attorneys, the Legal Aid Society of Sullivan County, Inc., were informed of the determination and the reasons therefor by the department. Thereafter, the instant proceeding was commenced on July 6, 1978, and Special Term denied the department's subsequent motion to dismiss the petition on grounds of objections in point of law. This appeal ensued after the department was granted leave to appeal by order of this court, entered on December 29, 1978. We hold that the order of Special Term must be reversed. From the instant record, it is clear that petitioner's attorneys were notified by the letter of December 27, 1977 of the department's determination that it was unable to render further job service to petitioner. Moreover, this notice to her attorneys constituted notice to petitioner, with the result that the applicable four-month limitations period within which the department's determination could be challenged in an article 78 proceeding (CPLR 217) began to run upon its receipt *(Matter of Bianca v Frank,* 43 NY2d 168). Such being the case, since this proceeding was not instituted until July 6, 1978, which was well over four months after receipt of the subject notice, it was plainly not timely commenced, and the petition should be dismissed. Order reversed, on the law, and petition dismissed, without costs. Sweeney, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.