■ In the Matter of the Arbitration between THOMMY F. MCGRATH, Respondent, and SAL DI CARLO, Appellant. — Appeal (1) from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered March 30, 1983 in Rensselaer County, which granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award, and (2) from the judgment entered thereon. ¶ Petitioner and respondent submitted for arbitration a dispute arising out of an agreement under which petitioner was to supply band music at respondent's place of business. Respondent abrogated the agreement. Pursuant to a provision therein providing for arbitration in the event one of the parties alleged a breach of the agreement, petitioner sought arbitration of the dispute. A notice of intention to arbitrate was served on respondent, and respondent's counsel acknowledged receipt thereof. Subsequently, a notice of the date of the hearing was sent by certified mail to respondent by the American Federation of Musicians (federation). Its receipt was acknowledged by respondent's employee. Respondent failed to appear at the arbitration proceeding held on February 2, 1982. He was subsequently served with notice of the arbitration award from which no appeal was taken by him. The arbitrator's award was confirmed upon petitioner's application, and it is from Special Term's order and judgment of confirmation that respondent appeals. ¶ Respondent contends that Special Term erred in not vacating the award for failure to serve respondent's counsel with notice of proceedings after he had notified petitioner's counsel of his retention in the matter and had requested such notice. Respondent contends that the arbitration proceedings were not in conformity with CPLR article 75. ¶ CPLR 7511 (subd [b]) requires vacatur of an arbitration award when the rights of a party to the arbitration were prejudiced by failure to follow the procedure of article 75. It is respondent's contention that this procedure was not followed in that CPLR 7506 (subd [b]) mandates that the notice of hearing be served on respondent's attorney. ¶ We disagree. It was incumbent upon respondent's attorney to notify the federation, which was to conduct the arbitration hearing, of his retention in this matter. His notice of retention sent to petitioner's counsel was inadequate to bring into play the requirements of CPLR 7506 (subd [d]). Therefore, the notification sent by the federation to respondent personally was in conformity with the arbitration agreement and CPLR article 75. *Matter of Bianca v Frank* (43 NY2d 168) is not applicable under the instant circumstances. ¶ Order and judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.