■ In the Matter of WILLIAM FLOYD UNION FREE SCHOOL DISTRICT OF THE MASTICS-MORICHES-SHIRLEY, Appellant, v WILLIAM FLOYD UNITED TEACHERS, Respondent.—In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, the petitioner appeals (1) from an order of the Supreme Court, Suffolk County (Friedenberg, J.), dated October 14, 1987, which denied as "moot" its motion to amend the petition and granted the respondent's cross motion to dismiss the proceeding as time barred; and (2) as limited by its brief from so much of an order of the same court (Leis, J.), dated April 15, 1988, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated October 14, 1987 is dismissed, as that order was superseded by the order dated April 15, 1988, made upon reargument; and it is further,

Ordered that the order dated April 15, 1988 is reversed insofar as appealed from, with costs, the order dated October 14, 1987 is vacated, the respondent's cross motion to dismiss the proceeding is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings with respect to the petitioner's motion for leave to amend its petition; and it is further,

Ordered that the petitioner is awarded one bill of costs.

CPLR 7506 (d) provides, in pertinent part, that "[i]f a party is represented by an attorney, papers to be served on the party shall be served upon his attorney". This rule states "the

traditional and accepted practice" that once a party chooses to be represented by counsel, that counsel is deemed to be the party's agent in all respects relevant to that representation *(Matter of Bianca v Frank*, 43 NY2d 168, 173).

In this case, the arbitrator sought to deliver a duplicate original of the arbitration award to the petitioner's attorney. However, the document was mailed to the address of the petitioner school district rather than to the attorney's law office. Consequently we find that the delivery was only effectuated on March 9, 1987, when the attorney actually received the document. Accordingly, the commencement of this proceeding on or about June 5, 1987 was timely *(see, Matter of Bianca v Frank, supra,* at 173).

Upon granting the cross motion to dismiss the proceeding, the Supreme Court declined to rule on the petitioner's motion for leave to amend its petition. In light of our determination herein, we remit the matter to the Supreme Court, Suffolk County, for a determination on the petitioner's motion for leave to amend its petition, as requested by the petitioner in its brief on appeal. Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.