■ In the Matter of KATHLEEN WEEKS, Respondent, v STATE OF NEW YORK et al., Appellants, et al., Respondent. [603 NYS2d 249] —Casey, J. Appeal from an order of the Supreme Court (Kahn, J.), entered March 18, 1992 in Albany County, which, in a proceeding pursuant to CPLR article 75, denied a motion by various respondents to dismiss the petition as time barred.

At issue on this appeal is whether the 90-day time period within which to commence a proceeding pursuant to CPLR article 75 to vacate an arbitration award began to run when the award was delivered to the union which represented petitioner throughout the arbitration proceeding. We agree with Supreme Court that the 90-day period did not begin to run until the award was delivered to petitioner.

Pursuant to CPLR 7511 (a), "[a]n application to vacate or modify an award may be made by a party within ninety days after its delivery to him". In *Matter of Bianca v Frank* (43 NY2d 168, 173), the Court of Appeals concluded that once a party chooses to be represented by counsel in an action or proceeding, whether administrative or judicial, the attorney is deemed to act as his agent in all respects relevant to the proceeding and, therefore, any requirement that notice be served on the party "must be read in the accepted sense to require, at least, that notice be served upon the attorney the party has chosen to represent him", unless there is an express statutory provision excluding the necessity of serving counsel. Thus, for the purposes of the CPLR 217 four-month Statute of Limitations applicable to article 78 proceedings, notice of the final determination to petitioner's counsel constitutes notice to petitioner *(Matter of Benjamin v State of New York, Dept. of Labor,* 74 AD2d 690). The State respondents in this case argue

that a similar rule should apply when a party to a disciplinary arbitration proceeding chooses to be represented by a union representative who is not an attorney. We disagree.

The rule articulated in *Matter of Bianca v Frank (supra,* at 173) "is not simply a matter of courtesy and fairness; it is the traditional and accepted practice which has been all but universally codified". Indeed, CPLR 7506 (d) expressly requires that if a party to an arbitration proceeding is represented by an attorney, papers to be served on the party shall be served on the attorney. There is no similar statutory requirement when the party to an arbitration proceeding chooses to be represented by a union representative who is not an attorney; nor does tradition and accepted practice impose such a requirement. Although service of the arbitration award on the union representative is a matter of courtesy, we conclude that such service does not trigger the 90-day limitations period for seeking to vacate the award, which begins to run upon delivery of the award to the party (CPLR 7511 [a]).

Yesawich Jr., J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, without costs.