DECISION
Appellant, Kathmandu, Incorporated, appeals from a judgment of the Franklin County Court of Common Pleas that affirmed a decision of the Unemployment Compensation Review Commission ("commission"), which held that the administrator of the Ohio Bureau of Employment Services ("OBES") lacked jurisdiction to hear appellant's request for a reconsideration of contribution rates assigned to it by OBES and the finding that it was a successor-in-interest. Appellant sets forth the following assignments of error:
 I. OBES ISSUED A RATE DETERMINATION ON MARCH 13, 1996. OBES THEN ISSUED A SECOND RATE DETERMINATION ON MARCH 25, 1996, WHILE APPELLANT WAS STILL WITHIN THE APPEAL PERIOD SET FOR THE FIRST RATE DETERMINATION. SHOULD THE TRIAL COURT HAVE ALLOWED OBES TO IMPOSE UPON APPELLANT THE RATE SET FORTH IN THE FIRST RATE DETERMINATION, AND SHOULD THE TRIAL COURT HAVE IGNORED THE SECOND RATE DETERMINATION MADE WITHIN THE APPEAL PERIOD? SHOULD THE COURT HAVE DETERMINED THAT THE FIRST RATE DETERMINATION CANNOT BE APPEALED, WHEN OBES ISSUED A SECOND RATE DETERMINATION DURING THE APPEAL PERIOD?
 II. OBES FAILED TO NOTIFY APPELLANT'S ATTORNEY OF RECORD OF ITS RATE DETERMINATION. DID THE TRIAL COURT ERR IN HOLDING THAT APPELLANT'S REQUEST FOR RECONSIDERATION WAS NOT TIMELY FILED, EVEN THOUGH APPELLANT'S ATTORNEY OF RECORD WAS NOT GIVEN NOTICE OF THE INITIAL OBES RATE DETERMINATION.
 III. THE TRIAL COURT ERRED IN FINDING THAT APPELLANT'S INDIAN RESTAURANT WAS A SUCCESSOR IN INTEREST TO A JAPANESE RESTAURANT, WHEN THE ASSETS PURCHASED FROM THE JAPANESE RESTAURANT SPECIFICALLY EXCLUDED THE FORMER NAME AND FOOD RECIPES; WHEN THE FOOD OFFERED BY APPELLANT TO THE PUBLIC WAS INDIAN, AND NOT JAPANESE; WHEN APPELLANT DID NOT RETAIN OR HIRE THE FORMER EMPLOYEES; AND WHEN APPELLANT DID NOT OPEN FOR BUSINESS UNTIL APPROXIMATELY TWO MONTHS AFTER THE ASSET SALE.
Appellant's second assignment of error is dispositive and will be addressed first.
In October 1992, appellant entered into an agreement to purchase the assets of a business known as Tokyo, Inc., which operated a Japanese restaurant known as Ticket to Tokyo. The final transfer of assets, including the liquor license, occurred in October 1993, and appellant now operates a restaurant known as Café Tandoor in Cleveland Heights in the premises formerly occupied by Ticket to Tokyo.
On March 13, 1996, the administrator of OBES mailed a notice to appellant by certified mail entitled "Determination of Employer's Liability and Contribution Rate Determination." The notice also found appellant to be a successor-in-interest to Tokyo, Inc., and assigned it contribution rates for 1993, 1994 and 1995 of three percent, and for 1996, 10.3 percent. The notice further provided:
 This determination becomes final unless the employer files an application with the administrator for reconsideration of the administrator's determination within thirty days of the mailing date shown above. The application must state the reason(s) for requesting reconsideration. This determination was rendered by the Contribution Department. Please retain this determination letter in your files.
On May 25, 1997, Raj Singh, appellant's president, requested a reconsideration of its designation as a successor-in-interest to Tokyo, Inc. In a decision mailed July 31, 1997, the administrator of OBES determined she lacked jurisdiction because the request for consideration was not filed within thirty days of the date of mailing of the rate determination as required by R.C. 4141.26(D)(2). On August 14, 1997, appellant again, through its president, requested further review of the administrator's decision. The August letter from Mr. Singh referred to a second rate determination by OBES dated March 25, 1996, setting a contribution rate of 2.2 percent and stated that, based on receipt of this second notice, no request for reconsideration had been filed from the March 13, 1996 determination.
A hearing was held by a hearing officer appointed by the commission, who stated the issue was whether appellant had timely appealed the March 13, 1996 rate determination as well as designating appellant's status as a successor-in-interest. Appellant was represented by counsel at the hearing, and Mr. Singh stated he did not recall whether he received the March 13, 1996 rate determination, but would have forwarded it to his accountant or his attorney. Evidence was presented by appellant to show it was not a successor-in-interest to Tokyo, Inc., but no reference was made or any evidence presented pertaining to the March 25, 1996 rate determination and that determination is not part of the record before this court. The commission agreed with the administrator that she lacked jurisdiction to hear appellant's request for reconsideration, as it was not timely filed.
In its second assignment of error, appellant contends that the notice of successor-in-interest status and rate determination was to be served on appellant's attorney, not appellant, and, hence, the thirty-day appeal time did not start to run until such notice was served on his attorney.
The standard for review for the court of common pleas from a decision by the commission is set forth in R.C.4141.26(D)(2), which provides:
 * * * The court may affirm the determination or complained of in the appeal if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the determination or order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *
The decision of the court is to be based on the record certified to the commission and no additional evidence is to be taken, unless the court remands the matter to the commission for further consideration. In its appeal to the common pleas court, appellant attached to its reply brief an affidavit of appellant's attorney detailing his contact with OBES prior to the mailing of the March 13, 1996 notice. Upon motion of appellee, the affidavit was stricken and appellant has not assigned this as error. Thus, the only record before the common pleas court, and before this court, is that certified by the commission. In Angelkovski v.Buckeye Potato Chips Co (1983), 11 Ohio App.3d 159, 161-162, this court stated:
 The resolution of purely factual questions is for the board of review and its referees as triers of the facts. * * * The role of the court of common pleas, upon an appeal based on factual grounds, is limited to determining whether the board's decision is supported by evidence in the record. * * * The court may not substitute its judgment for that of the board; it may not reverse simply because it interprets the evidence differently than did the board. * * * Because the statutory standard of review is couched in terms of manifest weight of the evidence, a decision of the board supported by some competent, credible evidence going to all the essential elements of the controversy will not be reversed by a reviewing court as being against the manifest weight of the evidence. * * *
 The role of an appellate court, in reviewing a determination of a court of common pleas on manifest weight of the evidence on appeal from the board, is different. The function of the court of common pleas, in determining whether the board's decision is against the manifest weight of the evidence, necessarily involves the exercise of sound discretion. Accordingly, an order of the court of common pleas based upon a determination of the manifest weight of the evidence, may be reversed only upon a showing that the court abused its discretion. * * * In this context, the meaning of the term "abuse of discretion" connotes more than an error of judgment; it implies a decision without a reasonable basis, one which is clearly wrong.
R.C. 4141.26(D)(2) provides in part:
 (2) Within thirty days after the mailing of notice of the employer's rate or a revision of it to the employer's last known address or, in the absence of mailing of such notice, within thirty days after the delivery of such notice, the employer files an application with the administrator for reconsideration of the administrator's determination of such rate setting forth reasons for such request. * * *
In Zier v. Bureau of Unemployment Comp. (1949), 151 Ohio St. 123, paragraph one of the syllabus, the Ohio Supreme Court held:
 An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements.
The court further stated, at 125:
 * * * No one would contend that a notice of appeal need not be filed within the time fixed by statute. Compliance with a requirement that a notice of appeal shall be filed within the time specified, in order to invoke jurisdiction, is no more essential than that the notice be filed at the place designated and that it be such in content as the statute requires. * * *
Thus, to be effective, appellant's request for reconsideration had to be filed within thirty days of the mailing of the March 13, 1996 notice.
Appellant argues its attorney entered an appearance on its behalf and, therefore, notice of the rate contribution and successor-in-interest status was required to be served on its attorney, not on it. Thus, appellant argues, the appeal time did not begin to run until its attorney was served with the notice of rate determination and successor-in-interest status. In support, appellant relies on Civ.R. 5(B), the Ohio and Federal Administrative Procedure Acts, R.C. 4123.52 and Bianca v. Frank
(1977), 371 N.E.2d 792. Appellant's reliance on these authorities is misplaced.
Civ.R. 1(A) provides that the civil rules prescribe proceedings to be followed in the courts of this state. The proceeding before the commission was administrative in nature and, therefore, the civil rules are not applicable. R.C. 119.07 and the Federal Administrative Procedure Act provide that notice of a hearing shall be given to the party with a copy sent to the attorney of record. These provisions are inapplicable as the March 13, 1996 notice at issue in this matter was not a hearing, but was a notice of a contribution rate and status as a successor-in-interest. Further, appellant's appeal is pursuant to R.C. 4141.26(D)(2), not R.C. Chapter 119, and the Federal Administrative Procedure Act has no application to Ohio proceedings. Bianca also involved notice of a hearing, which this case does not, as well as application of New York's civil practice laws and rules which are clearly inapplicable here.
Last, appellant argues that the notice requirements in R.C. 4123.522, by analogy, apply here, as indicative of a legislative intent to require notice to attorneys of record. R.C.4123.522 is applicable to proceedings within the Bureau of Workers' Compensation, not OBES. R.C. 4141.26(D) specifically directs that notice of rate contribution is to be sent to the employer. OBES fulfilled its statutory duty by sending the March 13, 1996 rate determination to appellant. Appellant's second assignment of error is overruled.
Given our disposition of appellant's second assignment of error, appellant's first and third assignments of error are overruled as moot. The judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and KENNEDY, J., concur.