OPINION
In October 1992, Kathmandu, Inc., purchased the assets of Ticket to Tokyo, a Japanese restaurant located in Cleveland, Ohio. Not long thereafter, appellant opened a new restaurant, Café Tandoor.
On March 13, 1996, the Director of the Ohio Department of Job and Family Services ("Director") mailed Kathmandu a "Determination of Employer's Liability and Contribution Rate Determination."[1] That document advised Kathmandu that the Director had set up an account establishing Kathmandu as a successor in interest to Ticket to Tokyo. The document also assigned Kathmandu a contribution rate of 3 percent for the 1993, 1994, and 1995 fiscal years, and of 10.3 percent for the 1996 fiscal year. The notice further provided:
 This determination becomes final unless the employer files an application with the administrator for reconsideration of the administrator's determination within thirty days of the mailing date shown above. The application must state the reason(s) for requesting reconsideration. This determination was rendered by the Contribution Department. Please retain this determination letter in your files.
On May 25, 1997, Raj Singh, Kathmandu's president, asked the Director to reconsider classifying Kathmandu as a successor in interest to Ticket to Tokyo. However, the Director explained that she lacked jurisdiction to hear the request because it was not filed within thirty days of the March 13, 1997 determination as required by R.C. 4141.26(D)(2). Undeterred, Kathmandu requested further review of the Director's July 31, 1997 decision. A subsequent hearing was held by an officer appointed by the commission, who also opined that Kathmandu had failed to timely appeal the March 13, 1996 "Determination of Employer's Liability and Contribution Rate Determination," as well as the Director's designation of Kathmandu's status as a successor in interest. At that hearing, Mr. Singh stated that he did not recall whether he received the March 13, 1996 rate determination, but claimed that he would have forwarded it to his accountant or attorney if he had. Kathmandu also presented evidence attempting to rebut the Director's determination that it was a successor in interest to Ticket to Tokyo. However, at the conclusion of the hearing, the commission agreed with the Director, finding that she lacked jurisdiction to hear the request for reconsideration. Thereafter, Kathmandu appealed the Director's decision to the Unemployment Compensation Review Commission and to the Franklin County Court of Common Pleas. Both ruled against Kathmandu. Afterward, Kathmandu perfected its first appeal with this court. Kathmandu, Inc. v. Bowland, Administrator,Ohio Bureau of Employment Services (Sept. 28, 1999), Franklin App. No. 99AP-36, unreported ("Kathmandu I").
In Kathmandu I, appellant argued: (1) that the Director was required to serve the Determination of Employer's Liability and Contribution Rate Determination upon its attorney, not Kathmandu; (2) that the Director's failure to do so tolled the thirty-day appeal time set forth in R.C.4141.26 (D)(2); and (3) that the March 25, 1996 rate determination superseded the March 13, 1996 determination. Having reviewed the record and appellate briefs, we explained that the trial court had properly based its decision upon the record certified by the commission. We also explained that, to be effective, Kathmandu's request for reconsideration had to be filed within thirty days of the mailing of the March 13, 1996 determination. Further, we held that there is no requirement that the Director serve counsel with the determination notice, and that the Director had "fulfilled its statutory duty by sending the March 13, 1996, rate determination to appellant." In so holding, we specifically rejected: (1) Kathmandu's argument that the Ohio Rules of Civil Procedure govern the Director's rate determinations, (2) Kathmandu's claim that R.C. Chapter 119, and the Federal Administrative Procedure Act govern; and (3) that R.C. 4123.522 should apply to the Director as well as to proceedings before the Bureau of Workers' Compensation.
On October 27, 1999, plaintiff filed this action in the Franklin County Court of Common Pleas seeking a declaration that the March 25, 1996 Determination of Employer's Liability and Contribution Rate Determination should control, that Kathmandu is not a successor employer of Ticket to Tokyo, and that the March 13, 1996 Determination of Employer's Liability and Contribution Rate Determination should be voided as it was not served upon Kathmandu's counsel.
On March 14 and May 8, 2000, Kathmandu and the Director filed opposing motions for summary judgment. These motions were briefed, and on July 12, 2000, the trial court rendered an opinion which granted the Director's motion for summary judgment and denied Kathmandu's motion for summary judgment. The trial court reached its decision explaining:
 * * * [P]laintiff in this case raises the same issues which it raised in its administrative appeal in Case No. 98CVF05-3987. In his November 16, 1998 Decision on [this] Administrative Appeal, Judge Bessey held that [sic] affirmed the decision of the Unemployment Compensation Review Commission. * * *
* * *
 * * * [T]he previous decisions of the Tenth District Court of Appeals and the Common Pleas Court concern the same issues which plaintiff has raised in the present declaratory-judgment action. Because the Court of Appeals affirmed the trial court's decision, which itself affirmed the administrative decision, plaintiff cannot use a declaratory-judgment action to evade the outcome of its administrative appeal. * * *
Kathmandu now appeals, raising the following three assignments of error:
 I. OBES ISSUED A RATE DETERMINATION ON MARCH 13, 1996. OBES THEN ISSUED A SECOND RATE DETERMINATION ON MARCH 25, 1996, WHILE APPELLANT WAS STILL WITHIN THE APPEAL PERIOD SET FOR THE FIRST RATE DETERMINATION. DID THE TRIAL COURT ERR IN RULING THAT THE EXISTENCE OF A SECOND RATE DETERMINATION, MADE WITHIN THE APPEAL PERIOD FOR THE FIRST RATE DETERMINATION, DID NOT CREATE A MATERIAL ISSUE OF FACT OR LAW?
 II. OBES FAILED TO NOTIFY APPELLANT'S ATTORNEY OF RECORD OF ITS RATE DETERMINATION, EVEN THOUGH OBES HAD PREVIOUSLY COMMUNICATED WITH APPELLANT'S ATTORNEY OF RECORD, AND EVEN THOUGH OBES WAS AWARE THAT APPELLANT'S ATTORNEY OF RECORD INTENDED TO APPEAL ANY ADVERSE DECISION. DID THE TRIAL COURT ERR IN HOLDING THAT APPELLEE'S INTENTIONAL FAILURE TO NOTIFY APPELLANT'S ATTORNEY OF RECORD OF A RATE DETERMINATION DID NOT CREATE A MATERIAL ISSUE OF FACT OR LAW AS TO WHETHER THE RATE DETERMINATION IS TO BE UPHELD?
 III. THE TRIAL COURT ERRED IN FINDING THAT APPELLANT'S INDIAN RESTAURANT WAS A SUCCESSOR IN INTEREST TO A JAPANESE RESTAURANT, WHEN THE ASSETS PURCHASED FROM THE JAPANESE RESTAURANT SPECIFICALLY EXCLUDED THE FORMER NAME AND FOOD RECIPES; WHEN THE FOOD OFFERED BY APPELLANT TO THE PUBLIC WAS INDIAN, AND NOT JAPANESE; WHEN APPELLANT DID NOT RETAIN OR HIRE THE FORMER EMPLOYEES; AND WHEN APPELLANT DID NOT OPEN FOR BUSINESS UNTIL APPROXIMATELY TWO MONTHS AFTER THE ASSET SALE.
Kathmandu undeniably re-asserts the same assignments of error, as well as the same claims it has asserted throughout these proceedings. As noted, Kathmandu previously argued that notice of the rate determination and successor in interest status was required to be served on its attorney and not upon Kathmandu. In support of that argument, Kathmandu relied on Civ.R. 5(B), the Ohio and Federal Administrative Procedure Acts, R.C. 4123.52 and Bianca v. Frank (1977), 43 N.Y.2d 168,401 N.Y.S.2d 29, 371 N.E.2d 792. However, Kathmandu's reliance on each of these authorities was misplaced. We also explained that the notice requirement set forth in R.C. 4123.522 is not applicable to the Ohio Bureau of Employment Services, and that R.C. 4141.26(D) specifically commands that the notice of rate determination be sent to the employer.
Res judicata is the doctrine under which a final judgment or decree, rendered on the merits, prevents a party from bringing another lawsuit based upon the same claim. Whitehead v. Genl. Tel. Co. (1969),20 Ohio St.2d 108. Under the doctrine, issues cannot be later raised or considered where they have been, or could have been, fully litigated either before judgment, or on direct appeal after judgment. State v.McCullough (1992), 78 Ohio App.3d 587, 591. In other words, if a court finds that an issue raised in a subsequent action has, or should have been raised on direct appeal, the court may dismiss the action on the grounds of preclusion. See Holzemer v. Urbanski (1999), 86 Ohio St.3d 129,133 (holding that the modern doctrine of res judicata precludes re-litigation of all claims and issues arising out of the same transaction or occurrence that could have been raised in the original action).
We agree with the trial court's conclusion that the claims raised in Kathmandu's complaint for declaratory judgment present exactly the same issues Kathmandu raised in its administrative appeal in common pleas case No. 98CVF05-3987, the same issues raised in Kathmandu I, the same issues raised in common pleas case No. 99CVH10-9092, and, finally, the same issues raised in this appeal. These issues are barred from consideration by the doctrine of res judicata. Kathmandu's three assignments of error are therefore overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 ___________________________ PETREE, J.
BOWMAN and BROWN, JJ., concur.
[1] At this time the Director was titled, Administrator, Ohio Bureau of Employment Services.