■ In the Matter of ASTORIA LANDING, INC., Appellant, v NEW YORK CITY BOARD OF STANDARDS AND APPEALS, Respondent. [20 NYS3d 82]—In a proceeding pursuant to CPLR article 78 to review a resolution of the New York City Board of Standards and Appeals dated December 4, 2012, which, after a hearing, denied the petitioner's appeal from a determination of the Department of Buildings of the City of New York, dated March 27, 2012, rejecting its application for the registration of a sign, the petitioner appeals, by permission, from an order of the Supreme Court, Queens County (Lebowitz, J.), dated August 28, 2013, which granted the respondent's motion pursuant to CPLR 3211 (a) (5) and 7804 to dismiss the petition as barred by the statute of limitations.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the respondent's motion pursuant to CPLR 3211 (a) (5) and 7804 to dismiss the petition as time-barred under Administrative Code of the City of New York § 25-207 (a) (*see Matter of Larabe Realty Co. v Silva*, 234 AD2d 297 [1996]). Pursuant to section 25-207 (a), read in conjunction with CPLR 217, the petitioner was required to present the petition "to a justice of the supreme court or at a special term of the supreme court within [30] days after the filing of the decision in the office of the [respondent]." Here, the respondent's resolution was filed with the office of the New York City Board of Standards and Appeals on December 5, 2012, but the instant proceeding was not commenced until March 25, 2013, nearly four months later. Hence, the proceeding was time-barred.

Insofar as the petitioner, in effect, seeks a declaration that section 25-207 (a), as drafted, violates its constitutional right to due process, the petitioner is not entitled to such relief, as it failed to join as a necessary party the legislative body that enacted the challenged provision, thereby precluding the conversion of the instant proceeding into a hybrid action and proceeding pursuant to CPLR 103 (c) (*see Matter of Stoffer v Department of Pub. Safety of the Town of Huntington*, 77 AD3d 305, 318 [2010]). Therefore, we express no view on the constitutional issue.

The parties' remaining contentions need not be addressed in light of our determination. Eng, P.J., Chambers, Roman and Barros, JJ., concur.