This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 183
In the Matter of Ganiyu Adebola
Odunbaku,
            Respondent,
        v.
Diana Odunbaku,
            Appellant.
(And Another Proceeding.)

Joseph Palmore, for appellant.
Cindy A. Singh, for respondent.
Sanctuary for Families et al., amici curiae.

FAHEY, J.:

We apply our precedent in Matter of Bianca v Frank (43 NY2d 168 [1977]) to Family Court Act § 439 (e) and hold that if a party is represented by counsel, the time requirements set out in the statute for objections to a support magistrate's final order, when the order is served by mail, do not begin to run until the

- 1 -

order is mailed to counsel.

Diana Odunbaku (the mother) retained Staten Island Legal Services to represent her in her efforts to obtain child support from Ganiyu Adebola Odunbaku (the father), with whom she had a son.  Through counsel, who represented her throughout the proceedings described below, the mother filed a support petition in Family Court.  Following a hearing, the Support Magistrate, finding the father's testimony incredible and his financial proof unreliable, entered a support order against him in the amount of $236 per week.  The father did not make the required payments. The mother filed a violation petition.  The father, meanwhile, sought a downward modification of his support obligations.  The Support Magistrate made a finding that the father was in willful violation of the support order and granted a money judgment to the mother in the amount of $16,940; the Support Magistrate dismissed the father's modification petition.

The father paid $7,000, but subsequently petitioned Family Court once again for a downward modification.  The mother cross-petitioned for a finding that the father was, again, in willful violation of the support order.  This time, the father supplied documentary evidence of his inability to pay, including evidence that he had been receiving Social Security Disability benefits following an accident.  A different support magistrate granted the father's petition and modified the support order, significantly reducing the father's child support obligation, to

$25 per month.  The Support Magistrate's order, dated July 24, 2013, contained a notice, in accordance with Family Court Act § 439 (e), that "written objections to this order may be filed with this court within 30 days of the date the order was received in court or by personal service, or if the order was received by mail, within 35 days of the mailing of the order."  A separate order, with the same date and notice, dismissed the mother's cross petition.

On the same day, the Clerk of Family Court mailed the orders and accompanying findings of fact directly to the father and to the mother.  Family Court did not mail the documents to the father's lawyer or the mother's lawyer, nor did the court have an electronic filing system or other means whereby counsel could learn of developments in the case.  It was not until the following month that the mother notified her attorney that she had received court papers pertaining to her case.  Counsel went to Family Court's Record Room to retrieve the orders and findings of fact, but was not immediately given all of the papers.

On September 3, 2013 -- 41 days after the orders were mailed by Family Court -- the mother, through counsel, filed objections.  Counsel, attempting to explain the tardiness of the objections, stated that Staten Island Legal Services had "never received any order[], finding or notice of decision despite being Attorney of Record in this action."  Family Court denied the mother's objections as untimely, and confirmed and continued the

Support Magistrate's orders, without reaching the merits of the

mother's contentions.

Family Court relied on Family Court Act § 439 (e),

which provides that

> "[s]pecific written objections to a final
> order of a support magistrate may be filed by
> either party with the court within thirty
> days after receipt of the order in court or
> by personal service, or, if the objecting
> party or parties did not receive the order in
> court or by personal service, thirty-five
> days after mailing of the order to such party
> or parties" (emphasis added).

The objections had been filed more than 35 days after Family

Court mailed the orders to the mother.  Family Court further

ruled that "the mailing of a copy of the order and findings of

fact to a party of the proceedings satisfies the requirements of

§ 439 (e) and [22 NYCRR] 205.36 (b)"[1] and that "neither the

Family Court Act nor [22 NYCRR 205.36 (b)] specifically requires

that the Clerk of Court shall mail a copy of the Support

Magistrate's order and decision to a party's attorney."

The mother moved to reargue.  Family Court adhered to

its prior ruling.  The mother appealed from the Support

Magistrate's orders and findings of fact, as well as from Family

Court's order denying her objections and its order upon

---

[1]     22 NYCRR 205.36 (b) provides that "[a]t the time of the
entry of the order of support, the clerk of [Family Court] shall
cause a copy of the findings of fact and order of support to be
served either in person or by mail upon the parties to the
proceeding or their attorneys."

reargument.  She relied on our decision in Matter of Bianca v
Frank (43 NY2d 168 [1977]).

        The Appellate Division affirmed Family Court's order
upon reargument and dismissed the mother's appeals from the other
orders (see Matter of Odunbaku v Odunbaku, 131 AD3d 617 [2d Dept
2015]).  The Appellate Division did not cite Bianca.  Instead,
the court relied on 22 NYCRR 205.36 (b).

        We granted the mother leave to appeal (26 NY3d 913
[2015]) and now reverse.

        Matter of Bianca v Frank is dispositive.  There, we
held that "basic procedural dictates and . . . fundamental policy
considerations . . . require that once counsel has appeared in a
matter a Statute of Limitations or time requirement cannot begin
to run unless that counsel is served with the determination or
the order or judgment sought to be reviewed" (Bianca, 43 NY2d at
173).  The Bianca Court recognized that this principle would not
apply if "a legislative enactment . . . specifically exclude[d]
the necessity of serving counsel" by stating the legislative
"intention to depart from the standard practice . . . in
unmistakable terms" (id.).  Yet, in the absence of such
unambiguous statutory language, "any general requirement that
notice must be served upon the party. . . must be read . . . to
require, at least, that notice be served upon the attorney the
party has chosen to represent him" (id.).

        Bianca interpreted a statute of limitations in a county

administrative code, which stated that "[a] petition to review a
determination by the commissioner to . . . discipline a member of
the police force shall not be granted after the expiration of
thirty days from the service of a notice of such determination
upon the member of the force so . . . disciplined" (id.), to
require that notice be served upon the member's attorney.
Although the petitioner himself had been served with the
determination, petitioner's attorney had not been served with it,
and so the Court held that the statute of limitations had not
commenced.  Subsequently, we extended the Bianca principle so as
to apply to representation by a union (see Matter of Case v
Monroe Community Coll., 89 NY2d 438, 442 [1997], motion to amend
denied, 89 NY2d 1081 [1997], rearg denied, 89 NY2d 1087 [1997]
[holding that a grievant is deemed to have been served with an
award once service is properly effected on his or her designated
agent, whether an attorney or not]).

        The rationale of Bianca is straightforward.  "[O]nce a
party chooses to be represented by counsel in an action or
proceeding, whether administrative or judicial, the attorney is
deemed to act as his agent in all respects relevant to the
proceeding.  Thus any documents, particularly those purporting to
have legal effect on the proceeding, should be served on the
attorney the party has chosen to handle the matter on his behalf"
(Bianca, 43 NY2d at 173).  Indeed, "[t]his is not simply a matter
of courtesy and fairness; it is the traditional and accepted

practice which has been all but universally codified" (id.).  In particular, as the Court noted, CPLR 2103 (b) provides that "[e]xcept where otherwise prescribed by law or order of court, papers to be served upon a party in a pending action shall be served upon the party's attorney."

Bianca governs here.  The reference to the mailing of the order to a "party or parties" in Family Court Act § 439 (e) must be read to require that the order be mailed to the party's counsel, in order for the statutory time requirement to commence.

For his part, the father contends that Family Court Act § 439 (e) states "in unmistakable terms" (Bianca, 43 NY2d at 173) the intent to exclude the necessity of serving counsel.  We do not read the plain language of Family Court Act § 439 (e) in this manner.  It is true, of course, that section 439 (e) uses the term "party," but the statute does not convey in language that could not be mistaken that mailing to a represented party is dispositive for time requirement purposes and mailing to counsel is unnecessary, notwithstanding Bianca.

Significantly, Family Court Act § 439 (e), enacted in 1985 (see L 1985, ch 809, § 14), with the 35-day requirement added in 1996 (see L 1996, ch 242, § 1), postdates Bianca, decided in 1977.  In this regard, it is well settled that "[t]he Legislature is . . . presumed to be aware of the decisional and statute law in existence at the time of an enactment" (Arbegast v Board of Educ. of S. New Berlin Cent. School, 65 NY2d 161, 169

[1985]; see also e.g. Hammelburger v Foursome Inn Corp., 54 NY2d
580, 588 [1981]; Orinoco Realty Co. v Bandler, 233 NY 24, 30
[1922]).  Although the Legislature would have been aware of the
requirement to express in the most direct, unequivocal terms any
intent to "specifically exclude the necessity of serving counsel"
(Bianca, 43 NY2d at 173), it failed to include language
explicitly overriding the general rule of Bianca that service on
counsel is required.

The father also contends that application of the Bianca
rule is burdensome.  The burden on Family Court is minimal.

Notably, mailing court orders to the parties without
also mailing the orders to their attorneys impairs effective
access to justice on the part of vulnerable individuals and
undermines their representation.  Indeed, the practice deprives
the party of some of the principal benefits of being represented
by an attorney.

We hold, therefore, pursuant to Bianca, that if a party
is represented by counsel, the 35-day time requirement set out in
Family Court Act § 439 (e) does not begin to run until the final
order is mailed to counsel.

There is no need for us to consider the mother's
alternative arguments, given our ruling.

Accordingly, the order of the Appellate Division,
insofar as appealed from, should be reversed, without costs, and
the matters remitted to Family Court for further proceedings in

accordance with this opinion.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order, insofar as appealed from, reversed, without costs, and
matters remitted to Family Court, Richmond County, for further
proceedings in accordance with the opinion herein.  Opinion by
Judge Fahey.  Judges Pigott, Rivera, Abdus-Salaam, Stein and
Garcia concur.  Chief Judge DiFiore took no part.


Decided November 17, 2016