Astoria Landing, Inc. v New York City Council (2020 NY Slip Op 05174)





Astoria Landing, Inc. v New York City Council


2020 NY Slip Op 05174


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-04196
 (Index No. 703002/16)

[*1]Astoria Landing, Inc., appellant,
v
New York City Council, et al., respondents.


Leavitt & Kerson, Forest Hills, NY (Paul E. Kerson of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and John Moore of counsel), for respondents.



DECISION & ORDER
In an action for a judgment declaring that Administrative Code of the City of New York § 25-207(a) violates the plaintiff's federal and state constitutional rights to due process, the plaintiff appeals from an order of the Supreme Court, Queens County (Howard G. Lane, J.), dated March 1, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, and adding a provision thereto deeming the motion to be for a judgment declaring that Administrative Code of the City of New York § 25-207(a) does not violate the plaintiff's federal and state constitutional rights to due process, and thereupon granting the motion; as so modified, the order is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Administrative Code of the City of New York § 25-207(a) does not violate the plaintiff's federal and state constitutional rights to due process.
Prior to the instant action, the plaintiff commenced a proceeding pursuant to CPLR article 78 against the New York City Board of Standards and Appeals (hereinafter BSA) to review a determination of the BSA dated December 4, 2012, rejecting its application to register an advertising sign (hereinafter the sign) painted on the wall of its four-story apartment building in Astoria. By order dated August 28, 2013, the Supreme Court granted the BSA's motion pursuant to CPLR 3211(a)(5) and 7804 to dismiss the proceeding on the ground that the petition was time-barred under Administrative Code of the City of New York § 25-207(a), which requires an aggrieved entity to present a petition "within [30] days after the filing of the decision in the office of the board." On appeal, this Court affirmed (see Matter of Astoria Landing, Inc. v New York City Bd. of Stds. & Appeals, 132 AD3d 986).
In the instant action against the BSA and the New York City Council, the plaintiff seeks a judgment declaring that Administrative Code of the City of New York § 25-207(a) violates its federal and state constitutional rights to due process because the code provision does not require the BSA to send copies of its decision to the aggrieved entity. By order dated March 1, 2017, the [*2]Supreme Court, referencing this Court's decision and order on the prior appeal, directed dismissal on the ground that the action is barred by the doctrines of res judicata and collateral estoppel (see CPLR 3211[a][5]). The plaintiff appeals.
"[W]here a plaintiff in a later action brings a claim for damages that could have been presented in a prior CPLR article 78 proceeding against the same party, based upon the same harm and arising out of the same or related facts, the claim is barred by res judicata" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347-348 [internal quotation marks omitted]; see Williams v City of Yonkers, 160 AD3d 1017, 1018; Matter of Carter v Walt Whitman N.Y. City Hous. Auth., 98 AD3d 1113).
"The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Conason v Megan Holding, LLC, 25 NY3d 1, 17). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704).
Contrary to the Supreme Court's determination, the evidence submitted by the defendants failed to conclusively establish that there was identity of the parties and the issues such that the CPLR article 78 proceeding had preclusive effect in this action (see Weslowski v Zugibe, 167 AD3d 972, 975; Burgos v New York Presbyt. Hosp., 155 AD3d 598, 600-601; Jensen v Village of Old Westbury, 160 AD2d 768).
Although the Supreme Court did not reach that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, we reach that issue as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539; see also Wild Oaks, LLC v Joseph A. Beehan, Jr. Gen. Contr., Inc., 77 AD3d 924, 926).
The courts may consider "the merits of a properly pleaded cause of action for a declaratory judgment upon a motion to dismiss for failure to state a cause of action where 'no questions of fact are presented [by the controversy]'" (Matter of Tilcon, N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150, quoting Hoffman v City of Syracuse, 2 NY2d 484, 487; see North Oyster Bay Baymen's Assn. v Town of Oyster Bay, 130 AD3d 885, 889). "Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be taken as a motion for a declaration in the defendant's favor and treated accordingly" (North Oyster Bay Baymen's Assn. v Town of Oyster Bay, 130 AD3d at 890 [internal quotation marks omitted]). In this case, as a matter of law, the plaintiff's challenge to Administrative Code of the City of New York § 25-207(a) is without merit (see Pagliaroli v Zoning Bd. of Appeals of Vil. of Phoenix, 66 AD2d 997, 998; Alper v Nowakowski, 58 AD2d 1012; see also Matter of King v Chmielewski, 76 NY2d 182, 186). Accordingly, the Supreme Court should have deemed the motion to be a motion for a declaration in the defendants' favor, and thereupon granted the motion.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for entry of a judgment, inter alia, declaring that Administrative Code of the City of New York § 25-207(a) does not violate the plaintiff's federal and state constitutional rights to due process (see Lanza v Wagner, 11 NY2d 317, 334; Jahan v U.S. Bank N.A., 127 AD3d 926).
BALKIN, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court