People v Dondorfer (2026 NY Slip Op 00823)

People v Dondorfer

2026 NY Slip Op 00823

Decided on February 17, 2026

Court of Appeals

Garcia, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 17, 2026

No. 4 

[*1]The People & c., Respondent,
vPhillip Dondorfer, Appellant.

Fares A. Rumi, for appellant.
Dana Poole, for respondent.
New York State Defenders Association et al., District Attorneys Association of the State of New York, amici curiae.

GARCIA, J.

Nearly fifty years ago in People v Cruz, this Court defined the terms "impaired" and "intoxicated" as used in certain provisions of the Vehicle and Traffic Law (48 NY2d 419, 427-428 [1979]; see Vehicle and Traffic Law § 1192 [1] [driving while impaired by alcohol], [3] [driving while intoxicated by alcohol]). The definitions were based on the "ordinary" and "accepted meaning" of those terms (Cruz, 48 NY2d at 427-428). The Court held that an individual is impaired when:
"by voluntarily consuming alcohol, th[e] [] defendant has actually impaired, to any extent, the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (id. at 427).
An individual becomes intoxicated when:
"the driver has voluntarily consumed alcohol to the extent that he is incapable of employing the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (id. at 428).
More recently, in People v Caden N., the Third Department held that Cruz's definition of impairment applied only "in the limited context" of driving while ability impaired by alcohol (Vehicle and Traffic Law § 1192 [1]) and instead defined impairment for drug consumption in accordance with the Cruz standard for alcohol intoxication (189 AD3d 84, 90-91 [3d Dept 2020], quoting Cruz, 48 NY2d at 428). Relying on Caden N., defendant argues that for offenses involving drug use, or drug and alcohol use combined, courts should define impairment using Cruz's intoxication standard. We disagree with that approach and hold that "impaired" should be interpreted consistently across Vehicle and Traffic Law § 1192 in accordance with the definition that this Court gave that term in People v Cruz and therefore affirm.
After the car he was driving with his fifteen-year-old daughter as a passenger was stopped by police, defendant admitted to drinking "a couple of strong beers" and smoking marijuana. He failed several standard field sobriety tests, and an officer certified as a drug recognition expert determined, based on a 12-step evaluation, that defendant was impaired by the combination of alcohol and cannabis and was unable to safely operate a vehicle. The People presented an indictment to the grand jury charging defendant with aggravated driving while ability impaired by a combination of drugs and alcohol with a child in the vehicle (Vehicle and Traffic Law § 1192 [2-a] [b], [4-a])[FN1]. For purposes of that charge, the prosecutor defined impaired as follows:
"A person's ability to operate a motor vehicle is impaired by the combined influence of alcohol and drugs when that combination of alcohol and drugs has actually impaired, to any extent, the physical and mental abilities which such person is expected to possess in order to operate a motor vehicle as a reasonable and prudent driver."

The grand jury returned the indictment.
At a pre-trial hearing, County Court granted defendant's request to charge the jury with the standard for drug impairment set forth in Caden N. (189 AD3d at 90-91). After the People conceded that the Caden N. standard was not provided to the grand jury, County Court concluded that the instruction given "prevented the grand jury from properly assessing whether legally sufficient evidence existed to establish all of the material elements" and dismissed count one of the indictment.
The Fourth Department reversed and reinstated the charge (235 AD3d 71 [4th Dept 2024]). The court declined to follow Caden N., concluding that the holding was unsupported by "the statutory text and [was] inconsistent with" the Cruz decision (id. at 81). The court also rejected the reasoning employed in that case, which was based on a concern with the disparity in punishment between impairment by alcohol and impairment by drugs and their relation to the vehicular manslaughter charge at issue (see id. at 82; Caden N., 189 AD3d at 90)[FN2]. The court emphasized that any such disparity did "not have any bearing on the definition of the word impairment" (id.). Rather, the court explained, the disparate punishment represents the legislature's policy choice to "treat alcohol and drugs differently in the Vehicle and Traffic Law's DWI scheme by differentiating between intoxication by alcohol and impairment by drugs" (id. at 83, citing People v Litto, 8 NY3d 692, 694, 697-707 [2007]).
Consequently, the court held that the term "impaired" as used in Vehicle and Traffic Law § 1192 (4-a) "should be defined consistently with the definition of that same term" set out by this Court in Cruz and concluded that the People properly instructed the grand jury in accordance with Cruz's impairment standard (id. at 77, citing Cruz, 48 NY2d at 427). In making that determination, the court considered the plain language and history of the relevant statutes, the "longstanding judicial construction of the term" impaired, and various principles of statutory interpretation, and determined that accepting Caden N.'s definition "would run afoul of" basic rules of statutory interpretation and would "effectively—and impermissibly—rewrite the statute without any legislative involvement" (id. at 75-77; see Cruz, 48 NY2d at 427). We agree with this well-reasoned analysis.
In any case of statutory interpretation, the Court's task "is to ascertain the legislative intent and construe the pertinent statutes to effectuate that intent" (People v Roberts, 31 NY3d 406, 418 [2018] [internal quotation marks and citation omitted]). We begin with the statutory text, giving effect to its plain meaning (see id.). "In the absence of a statutory definition, we construe words of ordinary import with their usual and commonly understood meaning" (People v Bay, 41 NY3d 200, 211 [2023]) [internal quotation marks and citations omitted]), and consistent with their " 'precise and well settled legal meaning in the jurisprudence of the state' " (Matter of Moran Towing and Transp. Co. v New York State Tax Commn., 72 NY2d 166, 173 [1988], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 233). "[W]here, as here, the Legislature uses different terms in various parts of a statute, courts may reasonably infer that different concepts are intended" (Rangolan v County of Nassau, 96 NY2d 42, 47 [2001]; citing McKinney's Cons Laws of NY, Book 1, Statutes § 236, at 403 [other internal citation omitted]). Conversely, " 'where the same word or phrase is used in different parts of a statute, it will be presumed to be used in the same sense throughout, and the same meaning will be attached to similar expressions in the same or a related statute' " (People v Corr, 42 NY3d 668, 673 [2024], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 236, at 401 [1971 ed]).
Section 1192 of the Vehicle and Traffic Law uses "impaired" and "intoxicated" to describe the degree to which an individual who has consumed alcohol and/or drugs has diminished his or her ability to safely operate a motor vehicle (see e.g. Vehicle and Traffic Law § 1192 [1] [driving while ability impaired by alcohol], [3] [driving while intoxicated by alcohol], [4] [driving while ability impaired by drugs], [4-a] [driving while ability impaired by combined influence of drugs or of alcohol and any drug or drugs]). While the Vehicle and Traffic Law does not define either term, this Court in Cruz considered the ordinary and accepted meaning of those terms and defined "impaired" as when an individual's driving abilities are affected "to any extent" by the voluntary consumption of alcohol, and "intoxicated" as when an individual is rendered "incapable of employing the physical and mental abilities" necessary to safely operate a vehicle due to such consumption (48 NY2d at 427, 428). The Court subsequently reaffirmed those definitions, emphasizing that each term carries a distinct meaning (see Litto, 8 NY3d at 706-707; 235 AD3d at 78).
Both the subdivision at issue here, Vehicle and Traffic Law § 1192 (4-a), and the subdivision at issue in Cruz, Vehicle and Traffic Law § 1192 (1), use the term "impaired." Nothing in the statutory language itself indicates that a different meaning was intended for subdivision (4-a). We must therefore presume that the Legislature meant for these identical terms " 'to be used in the same sense throughout' " the same statute (Bolden, 81 NY2d at 151, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 236]). As the Appellate Division below explained, "in light of the separate definitions given to the terms 'impaired' and 'intoxication,' by using the term 'impaired' in Vehicle and Traffic Law § 1192 (4-a), the legislature clearly did not intend for that term to be defined in accordance with the standard used for the term 'intoxication' " (235 AD3d at 78). In fact, in Litto, this Court rejected the idea that consumption of "drugs [was] included in the definition for 'intoxication' " (8 NY3d at 706; see Vehicle and Traffic Law § 1192 [3]). Accepting defendant's proposed construction of impairment would require the Court to interpret "impaired" as having two definitions within the same statute: one applicable to consumption of alcohol alone, and one that essentially incorporates the standard for "intoxication" by alcohol consumption, to be applied to the use of drugs or drugs and alcohol combined. This we cannot do.
The timing of the Legislature's enactment of the relevant statutory provisions provides further support for a consistent interpretation for the term "impaired." The Legislature passed the statutes at issue here, Vehicle and Traffic Law § 1192 (4-a) and Vehicle and Traffic Law § 1192 (2-a) (b), with "impaired" as the applicable standard, well after this Court's 1979 decision in Cruz established a definition for that term (L 2006, ch 732; L 2009, ch 496; see Cruz, 48 NY2d at 427). As the Legislature is presumably "aware of our decisional law at the time of enactment" (People v Hardy, 35 NY3d 466, 474 [2020], citing Matter of Odunbaku v Odunbaku, 28 NY3d 223, 229 [2016]), its choice to use the same term without "explicitly overriding" (Odunbaku, 28 NY3d at 229) that statutory language, "evinces an intent to apply the statute as written" in accordance with the definition previously given to that term (People v Robinson, 95 NY2d 179, 184 [2000]). Finally, the "legislative history of the statute and its scheme reveal that the Legislature's intent has been to treat a driver's use of alcohol differently from a driver's use of drugs" (Litto, 8 NY3d at 695-696). It is not our role to "second-guess" any policy choice made by the legislature as to the penalties imposed for the various offenses defined in Vehicle and Traffic Law § 1192 (Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 367 [2005]).
Accordingly, the order of the Appellate Division should be affirmed.
Order affirmed. Opinion by Judge Garcia. Chief Judge Wilson and Judges Rivera, Singas, Cannataro, Troutman and Halligan concur.
Decided February 17, 2026

Footnotes

Footnote 1: Although not at issue on this appeal, defendant was also charged with failing to display an inspection certificate pursuant to Vehicle and Traffic Law § 306 (b).

Footnote 2: More recently, the Third Department limited the reach of Caden N.'s "unique rationale," holding in People v Ambrosio that Caden N.'s definition of impairment applied only "to the crime of vehicular manslaughter" and not "to the underlying crimes of driving while ability impaired by drugs or by a combination thereof" (235 AD3d 1181, 1184-1185 [3d Dept 2025]). In any event, Caden N. should no longer be followed.