■ In the Matter of JOSEPHINE MALATESTINIC, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the City of New York, dated April 24, 1985, which, after the denial of the petitioner's request for a sabbatical leave of absence for restoration of health, denied her request for a new medical arbitration, the Board of Education of the City of New York and Nathan Quinones appeal, by permission, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Jordan, J.), dated February 28, 1986, as denied their cross motion to dismiss the petition on the ground that the proceeding was not timely commenced.

Ordered that the order and judgment is reversed insofar as appealed from, with costs, the cross motion is granted, and the petition is dismissed.

The petitioner, a teacher, applied for and was denied a health restoration sabbatical. The matter was submitted to medical arbitration, the denial of the sabbatical was upheld and the petitioner was notified of the denial on December 7, 1984. Subsequently, the petitioner exercised her administrative remedies and sought a new medical arbitration on the ground that her personal physician had not been consulted as was required under the terms of the collective bargaining agreement between the Board of Education and the United Federation of Teachers. The medical arbitrator's report indicated that he had consulted with the petitioner's physician, and the petitioner received notice that her request for a new medical arbitration was being denied on April 26, 1985. The petitioner subsequently commenced the instant CPLR article 78 proceeding, seeking, *inter alia,* a new medical arbitration, again alleging a failure on the part of the medical arbitrator to consult with her physician. The appellants cross-moved to dismiss the petition on the ground that the proceeding was untimely, since it should have been brought in a CPLR article 75 proceeding and was, therefore, subject to a 90-day Statute of Limitations. The court held that the proceeding was appropriately one for relief under CPLR article 75, but denied the cross motion to dismiss, applying the four-month Statute of Limitations applicable to CPLR article 78 proceedings *(see,* CPLR 217).

The court properly exercised its discretion in treating the proceeding as one pursuant to CPLR article 75 *(see,* CPLR 103 [c]). In essence, the petitioner seeks to vacate the original arbitration determination on the ground that the arbitrator

exceeded his authority by rendering a decision without consulting with her physician *(see,* CPLR 7511 [b] [1] [iii]). Moreover, an arbitration award which is the result of a voluntary contractual arbitration procedure may only be reviewed based on the grounds set forth in CPLR 7511 *(see, Farino v State of New York,* 55 AD2d 843; *see also, Matter of Carmona v Insurance Arbitration Forums,* 98 AD2d 616).

In determining the appropriate Statute of Limitations to be applied, the remedy sought and not merely the name the plaintiff attaches to the cause of action determines the applicable limitations period *(see, e.g., Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669). CPLR 7511 (a) requires that a party seeking to vacate an arbitration award move to do so within 90 days of the delivery of the award to him or her *(see also, Matter of Levy [Allstate Ins. Co.],* 63 AD2d 982). In the case at bar, the statute began to run on December 7, 1984, the date upon which the petitioner was originally notified of the denial of her request for a sabbatical leave of absence for restoration of health, notwithstanding her efforts to have the matter reviewed through internal administrative procedures. The proceeding was therefore not timely commenced, and the petition is dismissed. Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur.