OPINION OF THE COURT
 

 ClPARICK, J.
 

 The narrow issue presented on this appeal is whether service of an arbitration award upon the union representing an
 
 *440
 
 aggrieved member constitutes service upon that individual member, for purposes of measuring the timeliness of an appeal from the award. We hold that regardless of whether the union elects to pursue an appeal on behalf of its member, the operative date is the date the arbitrator served the union with the award. Therefore, we reverse the order of the Appellate Division and dismiss the petition as untimely.
 

 Petitioner was employed by respondent College as the Director of Athletics pursuant to a series of one-year, nontenure track term appointments. Charges of sexual harassment were lodged by a student against petitioner early in his third term. The College’s attempts to resolve the matter to the satisfaction of both parties proved fruitless. Later that term, petitioner was advised by the College that his appointment would not be renewed for the subsequent academic year.
 

 In accordance with the collective bargaining agreement between the College and the faculty union association of which petitioner was a member, the union initiated a grievance on petitioner’s behalf. The grievance alleged that the College’s nonrenewal of petitioner’s appointment violated the procedural provisions set forth in three articles of the collective bargaining agreement.
 
 [1]
 
 The College moved to stay the arbitration on the ground that the grievance was not arbitrable.
 

 By award dated September 8, 1993, the arbitrator ruled that because petitioner was a nontenured term employee there was no basis under the terms of the collective bargaining agreement for arbitration of the nonrenewal of his appointment, and denied his grievance. Notwithstanding this conclusion, the arbitrator considered whether the procedural violations alleged by petitioner affected the nonrenewal decision. The arbitrator concluded that the College did not violate any of the procedural provisions as charged by petitioner and that petitioner was properly terminated for insubordination. The arbitrator mailed copies of the award to the union and the College; each acknowledged receipt of the award the following day, September 14, 1993.
 

 By letter dated September 22, 1993, petitioner advised the union of his dissatisfaction with the award and proposed sev
 
 *441
 
 eral grounds for vacatur. The union, however, declined to pursue any appeal on petitioner’s behalf. Consequently, by petition dated March 14, 1994, petitioner instituted the underlying action to vacate or modify the award. The College cross-moved to dismiss the petition, arguing that petitioner lacked standing to bring a proceeding on the award because he was not a party to the arbitration and, in any event, that the petition was untimely under CPLR 7511 (a) since it was filed in excess of the 90-day statutory period.
 

 Supreme Court denied the petition to vacate or modify the award and denied the cross motion to dismiss the petition. On appeal by both parties, the Appellate Division granted petitioner’s application to modify the award by striking that portion of the award holding that petitioner was "properly terminated for insubordination,” and, as so modified, affirmed
 
 (see, Matter of Case v Monroe Community Coll.,
 
 224 AD2d 952). This Court granted the College’s motion for leave to appeal.
 

 CPLR 7511 (a) requires that an application to vacate or modify an arbitration award "be made by a party within ninety days after its delivery to him.” The Appellate Division read this provision to mean that nothing less than personal service upon the aggrieved individual — based on the use of the word "him” in CPLR 7511 (a) — triggers the 90-day appeal period. Therefore, the Appellate Division concluded that petitioner’s application to vacate or modify the award, even though filed approximately six months after the award was served on the union representing petitioner in the arbitration, was timely because the 90-day Statute of Limitations first began to run "when the award was delivered to petitioner
 
 (see, Matter of Weeks v State of New York,
 
 198 AD2d 615)”
 
 (Matter of Case v Monroe Community Coll., supra,
 
 224 AD2d, at 952). We disagree.
 

 We have previously recognized that "basic procedural dictates” and "fundamental policy considerations” contemplate that "once counsel has appeared in a matter a Statute of Limitations or time requirement cannot begin to run unless that counsel is served with the determination or the order or judgment sought to be reviewed”
 
 (Matter of Bianca v Frank,
 
 43 NY2d 168, 173;
 
 see also,
 
 CPLR 7506 [d]). We explained that it was "the traditional and accepted practice which has been all but universally codified” to recognize the attorney chosen by a party to an action or proceeding, whether administrative or judicial, as the party’s agent in all respects relevant to the proceeding
 
 (Matter of Bianca v Frank, supra,
 
 at 173 [citations
 
 *442
 
 omitted]). We do not agree with the Appellate Division holding that this principle applies only to representation by an attorney, not a union representative unschooled in the law.
 

 In
 
 Matter of Beckman v Greentree Sec.
 
 (87 NY2d 566), we upheld the confirmation of an arbitration award against a former employee of respondent Greentree, a brokerage firm, where respondent received notice of the arbitration but may not have forwarded a copy of such notice to the appellant, its former employee, as required by the NASD arbitration rules governing the parties’ relationship. We determined that appellant, as an employee of Greentree, agreed to be bound by the NASD arbitration rules as a condition of his employment and thereby "consented to Greentree’s agency for service of notice of any arbitration claim asserted against him which was filed with NASD before his association with Greentree ended”
 
 (id.,
 
 at 571).
 

 In
 
 Greentree,
 
 we reiterated that due process simply requires that the means selected for providing notice are reasonably calculated to apprise affected parties of the pendency of the action and afford them an opportunity to present objections — due process does not require actual receipt of the notice or that the notice procedure eliminate all risk of nonreceipt
 
 (see, id.,
 
 at 570). We held in
 
 Greentree
 
 that there is no constitutional or other legal impediment to the designation of an agent for receipt of notice in an arbitration proceeding
 
 (see, id.,
 
 at 571). Accordingly, we rejected appellant Greentree’s application to vacate the award and dismiss the petition on the ground that he never received actual notice of the arbitration proceeding and that the notice procedures employed by the NASD deprived him of due process
 
 (see, id.,
 
 at 570-572). Indeed, as in
 
 Greentree,
 
 there is no dispute at bar that the arbitrator in fact served the award in accordance with the pertinent notice rules — here, the American Arbitration Association’s rules— and, that the grievant’s representative at the arbitration received the award.
 

 Applying
 
 Bianca
 
 and
 
 Greentree
 
 to this case leads us to the conclusion that once a grievant is represented by a designated agent, attorney or not, such entity or individual becomes the agent for service of awards, orders or documents relevant to the proceeding and once service is effected in accordance with the prescribed rules, the aggrieved individual is deemed to have been served with the award or order.
 

 Moreover, in the event the agent declines to pursue further proceedings, such as an appeal, the individual grievant is not foreclosed from pursuing such relief in his or her individual
 
 *443
 
 capacity
 
 (see, Matter of Diaz v Pilgrim State Psychiatric Ctr.,
 
 62 NY2d 693, 695). In
 
 Diaz,
 
 we held that the petitioner had standing to seek vacatur of the arbitral award, even though he was not individually named as a party in the caption of the arbitration proceeding and was initially represented by a union attorney
 
 (see, id.).
 
 We ruled that where the provisions of the collective bargaining agreement specifically provide that an aggrieved employee is entitled to "representation at each step of the disciplinary procedure by the union or any attorney selected by an employee or to represent himself or herself,” nothing bars the aggrieved employee’s self-representation subsequent to the designated representative’s declination to proceed further
 
 (see, id.,
 
 at 695). Thus, there is no question that but for the untimeliness of the instant petitioner’s application, he would have been entitled to proceed with a challenge to the arbitral award in his individual capacity.
 

 Taken together, these precedents yield the rule we now apply to the instant case: When an individual elects to be represented by his or her union, regardless of whether the union assigns an attorney or a layperson as the representative, that individual has designated the union as his or her agent for service during the pendency of the entire grievance proceeding. Hence, the grievant would be bound by all limitations periods applicable to the union.
 

 At bar, the result is that petitioner is deemed to have been served with the arbitral award on September 14, 1993, the same date the union — chosen by petitioner as his representative — received the award. Therefore, because the petition was not filed within 90 days after service of such award upon the union — petitioner’s duly appointed agent — the petition must be dismissed as untimely.
 
 [2]
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and respondent College’s motion to dismiss the petition granted.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Wesley concur; Judge Titone taking no part.
 

 Order reversed, etc.
 

 [1]
 

 . Petitioner alleged that the College transgressed the requirements of (1) article 5, by failing to provide him with 12 months notice of nonrenewal; (2) article 6, by withholding unfavorable documents from his employee file; and (3) article 54, by failing to evaluate his work performance biannually or providing a final evaluation, and by neglecting to obtain input from the Athletic Department faculty before deciding not to renew his term appointment.
 

 [2]
 

 . We note that this result does not foreclose any plenary remedies that may be available to petitioner arising from the union’s representation (see
 
 generally, Matter of Obot [New York State Dept. of Correctional Servs.],
 
 89 NY2d 883;
 
 Hines v Anchor Motor Frgt.,
 
 424 US 554;
 
 Vaca v Sipes,
 
 386 US 171).