In the Matter of HERMINO RODRIGUEZ, Respondent-Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Appellant-Respondent, et al., Respondents. [704 NYS2d 103] —In a proceeding pursuant to CPLR article 78 to review a determination of a tripartite arbitration board, dated July 17, 1997, upholding the dismissal of the petitioner from his employment with the New York City Transit Authority, the New York City Transit Authority appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Barasch, J.), dated August 18, 1998, as granted the petition, vacated the determination, reinstated the petitioner to his position as a cleaner, and awarded the petitioner back pay, and the petitioner cross-appeals from so much of the same order and judgment as denied his application for attorneys' fees.

Ordered that the order and judgment is reversed insofar as appealed from, without costs or disbursements, the petition is dismissed as untimely, and the determination of the tripartite arbitration board is confirmed in accordance with CPLR 7511 (e); and it is further,

Ordered that the cross appeal is dismissed as academic, without costs or disbursements.

Contrary to the Supreme Court's determination, the only proper proceeding to seek review of the arbitrators' decision in this case would be pursuant to CPLR article 75 (*see, Matter of Robinson v New York City Tr. Auth.,* 231 AD2d 639; *Matter of Long v Mellen,* 145 AD2d 633), which must be commenced within 90 days of receipt of the arbitrators' decision (*see,* CPLR 7511 [a]). It is undisputed that the petitioner received a copy of the arbitrators' determination upholding his dismissal from the New York City Transit Authority (hereinafter Transit Authority), on July 24, 1997. The underlying CPLR article 78 proceeding was commenced on November 15, 1997.

Although the Supreme Court had the authority to treat the CPLR article 78 proceeding as an application pursuant to

CPLR article 75 (*see,* CPLR 103 [c]; *Matter of Long v Mellen, supra*), it did not have the power to extend the Statute of Limitations from 90 days to four months (*see, Matter of Malatestinic v Board of Educ.,* 132 AD2d 661). Accordingly, the proceeding must be dismissed as untimely.

In light of the foregoing, the Transit Authority's remaining contentions need not be addressed. O'Brien, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.