■ In the Matter of LAWRENCE SIMON, Respondent, v NEW YORK STATE OFFICE OF PARKS, RECREATION, AND HISTORIC PRESERVATION, Appellant. [755 NYS2d 858] —In a proceeding pursuant to CPLR article 78 to review an arbitration award, dated December 27, 2000, which, after a hearing, found the petitioner guilty of certain disciplinary charges and terminated his employment, the New York State Office of Parks, Recreation, and Historic Preservation appeals from (1) an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), dated June 11, 2001, which, inter alia, granted the petition, denied its cross motion to dismiss the proceeding, vacated the arbitration award, and remitted the matter to arbitration for a de novo hearing and determination, and (2) an order of the same court, dated September 20, 2001, which denied its motion for leave to reargue.

Ordered that the appeal from the order dated September 20, 2001, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order and judgment dated June 11, 2001, is reversed, on the law, the cross motion is granted, the petition is denied, and the proceeding is dismissed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

Contrary to the Supreme Court's determination, the transcription requirement of CPLR 7804 (e) does not apply under the circumstances of this case, and thus provides no basis for vacating the arbitration award. The collective bargaining agreement between the parties includes disciplinary arbitration procedures which replace the statutory provisions of Civil Service Law §§ 75 and 76 (*see* Civil Service Law 76 [4]; *Dye v New York City Tr. Auth.,* 88 AD2d 899 [1982], *affd* 57 NY2d 917 [1982]). The agreement does not require the appellant to provide a transcript of the disciplinary arbitration hearing. Furthermore, the proper vehicle for review of the arbitrator's award is pursuant to CPLR article 75 (*see Caso v Coffey,* 41 NY2d 153 [1976]; *Matter of Rodriguez v New York City Tr. Auth.,* 269 AD2d 600 [2000]; *Matter of Long v Mellen,* 145 AD2d 633 [1988]). Although the Supreme Court has the power to treat the proceeding as an application pursuant to CPLR article 75 instead of CPLR article 78 (*see* CPLR 103 [c]; *Matter of Rod-*

*riguez v New York City Tr. Auth., supra*; *Matter of Long v Mellen, supra*), the petitioner has not established any grounds for vacating the arbitration award (*see* CPLR 7511 [b]; *Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 70 NY2d 907 [1987]).

The petitioner's remaining contentions are without merit. Altman, J.P., Florio, H. Miller and Adams, JJ., concur.