■ In the Matter of LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant, v CITY OF NEW YORK, Respondent. [774 NYS2d 758]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Vaughan, J.), dated June 17, 2002, which denied the petition, confirmed the award, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

Pursuant to CPLR 7511 (a), an application to vacate an arbitrator's award must be made "by a party within ninety days after [its] delivery to [that party]." Here, the documentary evidence submitted in support of the petitioner's application established that the petitioner received the arbitrator's decision no later than November 9, 2001. Since this proceeding was commenced more than 90 days thereafter, the Supreme Court properly dismissed it as untimely (see Werner Enters. Co. v New York City Law Dept., 281 AD2d 253 [2001]; Matter of National School Bus Serv. [Liberty Mut. Ins. Co.], 267 AD2d 995 [1999]; Matter of State Farm Mut. Ins. Co. v Elias, 221 AD2d 547 [1995]; Lopez v Coughlin, 220 AD2d 349 [1995]).

Contrary to the petitioner's contentions, the fact that the arbitrator's decision was served on the petitioner by mail did not extend its time to commence this proceeding by five days (see Matter of Fiedelman v New York State Dept. of Health, 58 NY2d 80 [1983]; Matter of ATM One v Landaverde, 307 AD2d 922 [2003]), as the provision of CPLR 2103 extending time for service made by mail "is expressly restricted to service 'in a pending action'" (Matter of Fiedelman v New York State Dept. of Health, 58 NY2d 80, 82 [1983]).

The petitioner's remaining contentions are without merit. Florio, J.P., Krausman, Schmidt and Townes, JJ., concur.