In the Matter of ALLEN WATKINS, Appellant, v BOARD OF EDUCATION OF PORT JEFFERSON UNION FREE SCHOOL DISTRICT, Respondent. [809 NYS2d 522]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Port Jefferson Union Free School District, dated July 28, 2004, which sustained disciplinary charges against the petitioner and terminated his employment as a tenured teacher, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Werner, J.), dated March 3, 2005, which granted the motion of the Board of Education of the Port Jefferson Union Free School District, to dismiss the proceeding as timebarred, denied the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

In January 2000 the respondent, Board of Education of the Port Jefferson Union Free School District (hereinafter the Board), determined that there was probable cause to bring disciplinary charges against the petitioner, a tenured teacher, and to order an administrative hearing in accordance with Education Law § 3020-a. After the hearing concluded, the hearing officer sustained most of the charges and concluded that the petitioner should be terminated from his position. In a letter from the New York State Education Department (hereinafter the Department), dated July 28, 2004, the petitioner was sent a copy of the hearing officer's determination. This letter specifically advised the petitioner that Education Law § 3020-a (5) governed the taking of an appeal in the matter, and also quoted this statute verbatim. The petitioner concedes that he received this letter on July 31, 2004. On August 5, 2004 the Superintendent of Schools of the Port Jefferson School District, in reply to a letter from the petitioner, advised him that his rights to appeal from the hearing officer's decision "are clearly specified [in the July 28, 2004, letter from the Department]." Also, on August 5, 2004, the Board implemented the hearing officer's decision and terminated the petitioner from his employment with the Port Jefferson School District.

By notice of petition dated October 15, 2004, the petitioner commenced this CPLR article 78 proceeding in which he alleged, inter alia, that he had been denied a fair hearing, and that the hearing officer's determination was "arbitrary capricious and not supported by substantial evidence." Thereafter, the Supreme Court granted the Board's motion to dismiss the proceeding as time-barred. We affirm.

Education Law § 3020 governs the discipline of tenured teachers and provides that "[n]o person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause" and in accordance with statutory procedures. This statute is the "exclusive method of disciplining a tenured teacher in New York State" (*TeBordo v Cold Spring Harbor Cent. School Dist.*, 126 AD2d 542 [1987]; *see also Matter of McElroy v Board of Educ. of Bellmore-Merrick Cent. High School Dist.*, 5 Misc 3d 321 [2004]). Education § 3020-a (5) provides that "[n]ot later than [10] days after receipt of the hearing officer's decision, the employee . . . may make an application to the New York state supreme court to vacate or modify the decision of the hearing officer pursuant to [CPLR 7511]."

Contrary to the petitioner's argument, the petitioner's allegations that the hearing officer's determination was arbitrary and capricious and that it was not supported by substantial evidence are not properly asserted in a proceeding pursuant to CPLR article 78. The Board's role under Education Law § 3020-a (4) (b) is only to "implement" the decision of the hearing officer. The petitioner's remedy, as defined by Education Law § 3020-a (5), is to challenge the hearing officer's determination in a proceeding pursuant to CPLR article 75. Although the claims he seeks to make here may well have been cognizable in such a proceeding (*see* CPLR 7511; *Matter of Halasy v Department of Educ. of City of N.Y., Brooklyn High School Dist. No. 73*, 17 AD3d 676, 677 [2005]; *Matter of Board of Educ. of the Greenburgh Eleven Union Free School Dist. v Polonio*, 8 AD3d 560, 561 [2004]; *Matter of Hegarty v Board of Educ. of City of N.Y.*, 5 AD3d 771, 772 [2004]; *Matter of Tasch v Board of Educ. of City of N.Y.*, 3 AD3d 502 [2004]), that proceeding was required to be commenced within the 10-day time limitation set forth in Education Law § 3020-a (5). While the Supreme Court had the authority to treat the CPLR article 78 proceeding as an application pursuant to CPLR article 75, had it been brought in a timely fashion (*see* CPLR 103 [c]; *Matter of Simon v New York State Off. of Parks, Recreation, & Historic Preserv.*, 303 AD2d 413, 413-414 [2003]; *Matter of Long v Mellen*, 145 AD2d 633 [1988]),

the limitations period applicable to that proceeding is governed by Education Law § 3020-a (5), and the Supreme Court properly concluded that it had no authority to extend that limitations period (*see Matter of Rodriguez v New York City Tr. Auth.*, 269 AD2d 600, 600-601 [2000]; *Matter of Malatestinic v Board of Educ. of City of N.Y.*, 132 AD2d 661, 661-662 [1987]).

In view of our determination, we need not reach the petitioner's remaining contentions. Goldstein, J.P., Mastro, Spolzino and Lunn, JJ., concur.