In the Matter of JUVONDI PENDER, Respondent, v NEW YORK STATE OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES et al., Appellants, and NEW YORK STATE DISCIPLINARY PANEL et al., Respondents. [810 NYS2d 920]—

In a proceeding pursuant to CPLR article 75 to vacate a determination of an arbitrator dated September 20, 2002, the New York State Office of Mental Retardation and Developmental Disabilities and Brooklyn Developmental Disabilities Services Office appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated June 8, 2004, as, upon reargument, adhered to so much of its prior determination in an order dated January 6, 2004, as granted the petition and directed a de novo arbitration.

Ordered that the order dated June 8, 2004 is reversed insofar as appealed from, with costs, upon reargument, the petition is denied, the arbitration award is reinstated, the proceeding pursuant to CPLR article 75 is dismissed as untimely, and the order dated January 6, 2004 is modified accordingly.

A proceeding to vacate an arbitration award must be commenced within 90 days of receipt of the arbitrators' determination (*see* CPLR 7511 [a]). Here, the petitioner's counsel received a copy of the arbitrator's determination, at the latest, on September 30, 2002, the operative date from which to measure the 90-day statute of limitations (*see Matter of Case v Monroe Community Coll.*, 89 NY2d 438, 441-442 [1997]; *Matter of Bianca v Frank*, 43 NY2d 168, 173 [1977]). The proceeding was commenced by the filing of the underlying petition on January

3, 2003. The Supreme Court, therefore, should have dismissed the proceeding as untimely (*see Matter of Rodriguez v New York City Tr. Auth.*, 269 AD2d 600 [2000]; *Matter of State Farm Mut. Auto. Ins. Co. v Elias,* 221 AD2d 547, 548 [1995]; *Matter of Malatestinic v Board of Educ. of City of N.Y.,* 132 AD2d 661, 662 [1987]).

In light of the foregoing, we need not reach the appellants' remaining contentions. Miller, J.P., Luciano, Lunn and Dillon, JJ., concur.