■ In the Matter of CURTIS McRAE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [832 NYS2d 824]—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated December 28, 2004, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Jones, J.), dated September 6, 2005, which granted the respondent's motion, in effect, pursuant to, inter alia, CPLR 3211 (a) (5) to dismiss the proceeding and, in effect, dismissed the proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements. A proceeding to vacate an arbitration award must be commenced within 90 days of receipt of the arbitrators' determination (see CPLR 7511 [a]). Here, the petitioner's union received a copy of the arbitrator's determination, at the latest, on December 30, 2004, the operative date from which to measure the 90-day statute of limitations (see *Matter of Case v Monroe Community Coll.*, 89 NY2d 438, 441-442 [1997]; *Matter of Pender v New York State Off. of Mental Retardation & Dev. Disabilities*, 27 AD3d 756, 757 [2006]). This proceeding, however, was commenced by the filing of a petition on or about April 25, 2005. Therefore, the proceeding was untimely commenced (see *Matter of Pender v New York State Off. of Mental Retardation & Dev. Disabilities, supra*; *Matter of Rodriguez v New York City Tr. Auth.*, 269 AD2d 600, 601 [2000]).

In light of the foregoing, we need not reach the petitioner's

remaining contentions. Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.