OPINION OF THE COURT
Centra, J.
I.
The straightforward but apparent issue of first impression in an appellate court in New York is whether the 90-day statute of limitations set forth in CPLR 7511 (a) begins to run on the date on which the arbitrator’s decision was mailed to petitioner or the date on which it was received by petitioner or his or her agent. We conclude that the operative measuring date is the date on which the decision was received by the petitioner or his or her agent, and we therefore conclude that this proceeding was timely commenced.
II.
The undisputed facts establish that petitioner pursued no-fault arbitration to recover personal injury protection benefits for injuries she sustained in a motor vehicle accident on September 26, 2001. The arbitrator issued a decision denying the claim and, upon petitioner’s appeal from that decision, a no-fault master arbitrator affirmed the arbitrator’s decision. The master arbitration award was mailed to the parties on June 13, 2007, and it is undisputed that petitioner’s attorney received the decision on June 18, 2007. Ninety-one days after the award was mailed and 86 days after it was received by petitioner’s attorney, petitioner commenced this CPLR article 75 proceeding seeking to vacate the master arbitration award. In lieu of an answer, respondent moved to dismiss the petition and for costs, contending, inter alia, that the proceeding was time-barred. Supreme Court granted the motion in part and dismissed the petition, holding that delivery under CPLR 7511 (a) must be construed as the date of mailing rather than the date of receipt of the award. For the reasons that follow, we conclude that the order should be reversed insofar as appealed from.
*132 III.
Article 75 of the CPLR governs review of arbitration proceedings and provides that an application to vacate or modify an arbitration award “may be made by a party within ninety days after its delivery to him [or her]” (CPLR 7511 [a]). The statute does not define “delivery,” but CPLR 7507 provides that the arbitrator “shall deliver a copy of the award to each party in the manner provided in the agreement, or, if no provision is so made, personally or by registered or certified mail, return receipt requested.” An Insurance Department regulation concerning master arbitration procedures provides that “[t]he parties shall accept as delivery of the award the placing of the award or a true copy thereof in the mail, addressed to the parties or their designated representatives at their last known addresses, or by any other form of service permitted by law” (11 NYCRR 65-4.10 [e] [3]).
Petitioner contends that “delivery” under CPLR 7511 (a) must be construed as the actual receipt of the award and that the Insurance Department Regulations governing master arbitration proceedings do not apply to CPLR article 75 proceedings. Respondent, however, contends that Insurance Department Regulations (11 NYCRR) § 65-4.10 (e) (3) specifies that delivery of the master arbitration award is the date on which the award is mailed to the parties, and that the regulation does not conflict with CPLR article 75. We agree with petitioner.
Were we to determine that “delivery” means the actual receipt of the award, then this proceeding must be deemed timely because petitioner’s attorney commenced it 86 days after receiving the award. On the other hand, were we to determine that “delivery” must be deemed the date on which the award was mailed to petitioner’s attorney, then we would agree with the court that this proceeding is time-barred because petitioner’s attorney commenced it 91 days after the award was mailed to him.
IV
Although, as noted, this appears to be an issue of first impression, we conclude that case law supports the interpretation that delivery must be construed as the date on which the award was received. For example, in Matter of Case v Monroe Community Coll. (89 NY2d 438, 439-440 [1997], rearg denied 89 NY2d 1087 [1997]), the issue before the Court of Appeals was whether service of an arbitration award upon the petitioner’s union repre *133 sentative constituted service upon the petitioner for purposes of measuring the timeliness of an appeal from the award. In determining that the petitioner was indeed in effect thereby served, the Court explained that “ ‘once counsel has appeared in a matter a Statute of Limitations or time requirement cannot begin to run unless that counsel is served with the determination or the order or judgment sought to be reviewed’ ” (id. at 441, quoting Matter of Bianca v Frank, 43 NY2d 168, 173 [1977]). The Court noted that there was no dispute that the arbitrator served the award in accordance with applicable rules, i.e., those of the American Arbitration Association, and the Court concluded that, because the union representative was the designated agent for the petitioner to accept service of the award, the petitioner was deemed to have been served with the award regardless of whether the union representative was an attorney (Case, 89 NY2d at 442). Although not expressly discussing the issue before us, the Court took note of both the date of mailing and the date of receipt, but thereafter relied upon the date of receipt in determining that the petition was not filed within 90 days after service of the award (id. at 443).
In further support of our decision, we note that several cases have explicitly used the terms “receipt” and “received” in discussing the 90-day period set forth in CPLR 7511 (a) (Matter of McRae v New York City Tr. Auth., 39 AD3d 861, 861 [2007], lv dismissed 9 NY3d 945 [2007] [“A proceeding to vacate an arbitration award must be commenced within 90 days of receipt of the arbitrators’ determination”]; Matter of Pender v New York State Off. of Mental Retardation & Dev. Disabilities, 27 AD3d 756, 756 [2006], lv denied 9 NY3d 805 [2007], rearg denied 9 NY3d 977 [2007] [“(T)he petitioner’s counsel received a copy of the arbitrator’s determination, at the latest, on September 30, 2002, the operative date from which to measure the 90-day statute of limitations”]; Matter of Lumbermens Mut. Cas. Co. v City of New York, 5 AD3d 684, 685 [2004] [“(T)he documentary evidence . . . established that the petitioner received the arbitrator’s decision no later than November 9, 2001 (and, because) this proceeding was commenced more than 90 days thereafter, the Supreme Court properly dismissed it as untimely”]; Werner Enters. Co. v New York City Law Dept., 281 AD2d 253 [2001], lv denied 97 NY2d 601 [2001] [“Vacatur of the subject awards was properly denied, since the proceeding was commenced more than 90 days after the awards were delivered to petitioner, as evidenced by the letter of petitioner’s *134 counsel to the arbitration forum acknowledging receipt of the award”]).
Less recent cases have used language that essentially is analogous to the terms “receipt” or “received” (Lopez v Coughlin, 220 AD2d 349, 350 [1995] [“Petitioner’s application challenging the arbitration award was properly dismissed for failure to bring it within 90 days after service of the award on petitioner’s attorneys”]; Matter of Malatestinic v Board of Educ. of City of N.Y., 132 AD2d 661, 662 [1987] [“(The) statute began to run on . . . the date upon which the petitioner was originally notified of the denial of her request”]; Matter of Levy [Allstate Ins. Co.], 63 AD2d 982, 983 [1978] [“(The operative date was date on which the arbitration) award . . . was transmitted to the parties”]). We acknowledge that, in Robinson v City of New York (237 AD2d 127, 128 [1997], lv denied 90 NY2d 801 [1997]), the First Department held that the “[petitioner was properly deemed served with the arbitration award upon its mailing to the attorney who represented her at the arbitration hearing.” The issue in that case, however, was whether the attorney’s delay in forwarding the award to the petitioner served to extend the petitioner’s 90 days under CPLR 7511 (a) to move to vacate the award, not whether delivery of the award was the date on which it was mailed to the attorney.
In attempting to distinguish the cases that use the word “received,” respondent contends that those cases involved labor arbitration awards rather than no-fault master arbitration awards and thus are not governed by Insurance Department Regulations (11 NYCRR) § 65-4.10. We reject that contention, for two reasons. First, 11 NYCRR 65-4.10 (e) (3) simply sets forth the method of the delivery of the award to the parties. It does not define “delivery” as it is used in CPLR 7511 (a). Second, we agree with petitioner that, once a party commences a proceeding pursuant to CPLR article 75, the procedures set forth in that article control over those set forth in the Insurance Department Regulations. Thus, even if 11 NYCRR 65-4.10 (e) (3) constitutes an attempt to define “delivery” under CPLR 7511 (a), such an attempt would be improper. Were we to accept respondent’s contention, the 90-day statute of limitations under CPLR 7511 (a) would have different measuring dates, depending on what type of arbitration was sought to be reviewed, and that would be an untenable distinction.
*135 V
Accordingly, we conclude that the order insofar as appealed from should be reversed, respondent’s motion denied in its entirety and the petition reinstated.
Hurlbutt, J.E, Smith, Green and Pine, JJ., concur.
It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety and the petition is reinstated.