In the Matter of JOSEPHINE AWARAKA, Appellant, v BOARD OF EDUCATION OF CITY OF NEW YORK, Respondent. [872 NYS2d 209]—

In a proceeding pursuant to CPLR article 75 and Education Law § 3020-a to vacate a determination of a hearing officer dated July 24, 2006, which, after a hearing, sustained eight specifications of misconduct and terminated the petitioner's employment, the petitioner appeals from an amended order and judgment (one paper) of the Supreme Court, Kings County (Knipel, J.), dated May 31, 2007, which granted the motion of the Board of Education of City of New York, inter alia, to dismiss the proceeding as time-barred, denied the petition, and dismissed the proceeding.

Ordered that the amended order and judgment is affirmed, with costs.

The respondent Board of Education of City of New York (hereinafter the Board) brought specifications against the petitioner, a tenured teacher, and ordered an administrative hearing in accordance with Education Law § 3020-a. After the hearing concluded, the hearing officer sustained eight of the specifications and terminated the petitioner from her employment. On July 24, 2006 the petitioner and her attorney were each sent a copy of the hearing officer's determination.

By notice of petition dated September 11, 2006, the petitioner commenced this proceeding to vacate the hearing officer's determination. Thereafter, the Supreme Court granted the Board's motion, inter alia, to dismiss the proceeding as time-barred, denied the petition, and dismissed the proceeding.

Education Law § 3020 governs the discipline of tenured teachers and provides that "[n]o person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause" and in accordance with statutory procedures. This statute is the " 'exclusive method of disciplining a tenured teacher in New York State' " (Matter of Watkins v Board of Educ. of Port Jefferson Union Free School Dist., 26 AD3d 336, 337 [2006], quoting TeBordo v Cold Spring Harbor Cent. School Dist., 126 AD2d 542 [1987]). Education Law § 3020-a (5) provides that "[n]ot later than [10] days after

receipt of the hearing officer's decision, the employee . . . may make an application to the New York state supreme court to vacate or modify the decision of the hearing officer pursuant to [CPLR 7511]."

The petitioner designated the attorney assigned by her union to be her agent for service during the pendency of the entire grievance proceeding before the hearing officer (*see Matter of Case v Monroe Community Coll.*, 89 NY2d 438, 443 [1997]; *Matter of McRae v New York City Tr. Auth.*, 39 AD3d 861 [2007]; *Matter of Pender v New York State Off. of Mental Retardation & Dev. Disabilities*, 27 AD3d 756 [2006]). The petitioner commenced this proceeding pursuant to CPLR article 75 and Education Law § 3020-a more than 10 days after receipt by her attorney of the hearing officer's determination. As such, this proceeding is time-barred.

The petitioner's remaining contentions are without merit. Rivera, J.P., Angiolillo, Dickerson and Chambers, JJ., concur.