■ In the Matter of JERRY BABIO et al., Appellants, v WESTCHESTER COUNTY DEPARTMENT OF CORRECTION et al., Respondents. [892 NYS2d 878]—In a proceeding, inter alia, pursuant to CPLR article 75 to vacate an arbitration award dated December 28, 2007, the petitioners appeal from (1) an order of the Supreme Court, Westchester County (Bellantoni, J.), entered

September 11, 2008, which denied the petition and granted the cross motion of the Westchester County Department of Correction and the County of Westchester, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the proceeding as untimely, and (2) a judgment of the same court dated December 2, 2008, which, upon the order, dismissed the proceeding as untimely.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

A proceeding to vacate or modify an arbitration award must be commenced within 90 days of receipt of the arbitrator's determination (see CPLR 7511 [a]; Matter of Case v Monroe Community Coll., 89 NY2d 438, 441-442 [1997]). Here, the petitioners received a copy of the arbitrator's determination, at the latest, on January 2, 2008, the operative date from which to measure the 90-day statute of limitations (see CPLR 2103 [b] [2]). This proceeding, however, was commenced by the filing of a petition on or about May 21, 2008. Therefore, the proceeding was untimely commenced (see Matter of McRae v New York City Tr. Auth., 39 AD3d 861 [2007]; Matter of Pender v New York State Off. of Mental Retardation & Dev. Disabilities, 27 AD3d 756, 757 [2006]).

The parties' remaining contentions are without merit or have been rendered academic in light of our determination. Covello, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.