Respondent Department of Education brought specifications against petitioner, a tenured teacher, and ordered a disciplinary hearing in accordance with Education Law § 3020-a. The hear *416 ing officer sustained the vast majority of the specifications and by determination dated November 26, 2010, recommended terminating petitioner from her employment.
On December 17, 2010, petitioner signed for and received by certified mail a copy of the hearing officer’s determination. Thereafter, by notice of petition dated December 28, 2010, petitioner commenced this proceeding to vacate the hearing officer’s determination. Petitioner acknowledges that Supreme Court was open on December 27, 2010, but argued that the historical snowstorm that occurred on that date resulted in the unavailability of mass transit, and rendered the courthouse inaccessible.
Education Law § 3020-a (5) (a) provides that “[n]ot later than ten days after receipt of the hearing officer’s decision, the employee . . . may make an application ... to vacate or modify the decision of the hearing officer pursuant to [CPLR 7511].” Accordingly, the petition was properly dismissed as time-barred based on petitioner’s failure to file the petition within the 10-day limitation period (see Matter of Juste v Klein, 83 AD3d 468 [1st Dept 2011]; Matter of Awaraka v Board of Educ. of City of N.Y., 59 AD3d 442 [2d Dept 2009]). Despite petitioner’s predicament, the court was without authority to extend the statute’s limitations period (see Matter of Watkins v Board of Educ. of Port Jefferson Union Free School Dist., 26 AD3d 336, 338 [2d Dept 2006]). Concur — Friedman, J.P, Acosta, Renwick, Richter and Abdus-Salaam, JJ.