Matter of Wendt v BondFactor Co., LLC (2019 NY Slip Op 01082)





Matter of Wendt v BondFactor Co., LLC


2019 NY Slip Op 01082


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-06414
 (Index No. 13929/15)

[*1]Matter of Bradley W. Wendt, respondent,
v
BondFactor Company, LLC, et al., appellants.


Saxe Doernberger & Vita, P.C., New York, NY (David G. Jordan of counsel), for appellants.
Hogan & Cassell, LLP, Jericho, NY (Michael Cassell of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, in effect, to vacate so much of a "partial final [arbitration] award" dated February 10, 2015, as pertained to the petitioner, The BondFactor Company, LLC, Butchermark Financial Advisors, LLC, and George Butcher appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated May 10, 2016. The order denied the appellants' motion to dismiss the petition and, in effect, granted the petition.
ORDERED that the order is reversed, on the law, with costs, that branch of the appellants' motion which was to dismiss the petition as untimely is granted, the proceeding is dismissed as untimely, and so much of the partial final arbitration award as pertained to the petitioner is reinstated.
The petitioner was employed as president of The BondFactor Company, LLC (hereinafter BondFactor), pursuant to an employment agreement. After the petitioner's employment was terminated by BondFactor, he, along with another employee, filed a demand for arbitration dated February 10, 2014, with the American Arbitration Association against BondFactor, Butchermark Financial Advisors, LLC, and George Butcher, the CEO of BondFactor (hereinafter collectively the appellants). An arbitration hearing was held in November 2014. On February 10, 2015, the arbitrator issued a partial final arbitration award (hereinafter the award), which, among other things,
dismissed all of the petitioner's claims. The only issue remaining with respect to the arbitration was the other employee's claim for attorneys' fees and costs. The award stated that it was final with respect to the matters addressed therein and would remain in full force and effect until such time as the final award was rendered. On May 13, 2015, the arbitrator issued a final award, which dealt solely with the issue of the other employee's attorneys' fees and costs.
On August 7, 2015, the petitioner commenced this proceeding pursuant to CPLR 7511, in effect, to vacate so much of the award as pertained to the petitioner. The appellants moved to dismiss the petition alleging, inter alia, that it was not timely filed. In an order dated May 10, 2016, the Supreme Court denied the appellants' motion and, in effect, granted the petition.
We reject the petitioner's contention that the appeal should be dismissed on the ground that the appellants submitted an inadequate appendix, as we find the appendix to be adequate [*2](see Pucci v Trabulsy, 161 AD3d 1117, 1119).
CPLR 7511(a) requires that an application to vacate or modify an arbitration award "be made by a party within ninety days after its delivery to him" (see Matter of Case v Monroe Community Coll., 89 NY2d 438, 441-442). The awards of arbitrators that are subject to judicial examination under the statute are the final determinations made at the conclusion of the arbitration proceedings (see Mobil Oil Indonesia v Asamera Oil [Indonesia], 43 NY2d 276, 281; Cotugno v Bartkowski, 37 Misc 3d 1206[A], 2012 NY Slip Op 51906[U] [Sup Ct, Suffolk County]). Generally, the award is the arbitrators' decision and final determination upon the matters submitted and must be coextensive with the submission (see Mobil Oil Indonesia v Asamera Oil [Indonesia], 43 NY2d at 281; Cotugno v Bartkowski, 37 Misc 3d 1206[A], 2012 NY Slip Op 51906[U]). An award is final, and may be vacated or confirmed, when it finally and conclusively disposes of a separate and independent claim, even though it does not dispose of all of the claims that were submitted to arbitration (see Muller v Wertzberger, 2013 NY Slip Op 50915[U] [Sup Ct, Kings County]; Cotugno v Bartkowski, 37 Misc 3d 1206[A], 2012 NY Slip Op 51906[U]).
Here, the award was a final award with respect to the petitioner's claims, since it dismissed all of his claims and indicated that it was final with respect to the matters addressed therein (see Mobil Oil Indonesia v Asamera Oil [Indonesia], 43 NY2d at 281; Muller v Wertzberger, 2013 NY Slip Op 50915[U]; Cotugno v Bartkowski, 37 Misc 3d 1206[A], 2012 NY Slip Op 51906[U]).
Contrary to the petitioner's contention, the appellants' submission of a request for attorney's fees to the arbitrator on February 27, 2015, did not extend the petitioner's time to file his petition to vacate the award. "After an arbitrator renders an award, the arbitrator is without power to render a new award or to modify the original award, except as provided in CPLR 7509" (Silber v Silber, 204 AD2d 527, 529; see Matter of Bianchi [Katz], 111 AD3d 1012, 1013). CPLR 7509 provides, in relevant part, that the arbitrator may modify the award "upon the grounds stated in [CPLR 7511(c)]." Here, the appellants' request for attorney's fees in connection with the arbitrator's determination dismissing all of the petitioner's claims was not based upon any of the grounds for modification set forth in CPLR 7511(c) and, therefore, had no impact upon the statute of limitations set forth in CPLR 7511(a) (see Matter of Bianchi [Katz], 111 AD3d at 1013).
Here, the petitioner received a copy of the award, at the latest, on March 20, 2015, the operative date from which to measure the 90-day statute of limitations (see Matter of Case v Monroe Community Coll., 89 NY2d at 441-442; Matter of Lumbermens Mut. Cas. Co. v City of New York, 5 AD3d 684, 685; Werner Enters. Co. v New York City Law Dept., 281 AD2d 253, 253). Since the petitioner did not commence the proceeding until August 7, 2015, the Supreme Court should have granted that branch of the appellants' motion which was to dismiss the petition as untimely (see Matter of McRae v New York City Tr. Auth., 39 AD3d 861, 861; Matter of Pender v New York State Off. of Mental Retardation & Dev. Disabilities, 27 AD3d 756, 756-757).
In light of the foregoing, we need not reach the appellants' remaining contentions.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court