■ CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Respondent, v MICHAEL CAMPBELL, Appellant. CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Appellant, v MICHAEL CAMPBELL, Respondent. [798 NYS2d 54]—

Order, Supreme Court, New York County (Debra A. James, J.), entered January 15, 2004, denying respondent Campbell's cross motion to dismiss this proceeding as untimely, unanimously affirmed, without costs. Order and judgment (one paper), same court and Justice, entered September 10, 2004, which denied the petition to vacate the hearing officer's determination permitting Campbell to return to his position as a tenured teacher following his successful completion of the Brooklyn Treatment Court program, unanimously reversed, on the law, without costs, the petition granted to the extent that the determination of reinstatement is vacated and the matter remanded to a different hearing officer for the imposition of a sanction in accordance herewith.

The motion court refused to dismiss, on grounds of untimeliness, the petition challenging Campbell's reinstatement following a criminal conviction. Campbell cites Education Law § 2590-j (7) in asserting that the Superintendent of Central School District 31 was the "clerk or secretary" of that district, thus assuming all the duties of those officials outlined in the statute for proceedings under Education Law § 3020-a. Nothing in section 2590-j (7) supports that interpretation. Furthermore, section 3020-a (4) (a) refers to "the clerk or secretary of the employing *board*" (emphasis added), thus indicating that the Board of Education, not the particular community district where the employee happens to work, has the legal authority to appeal a hearing officer's determination.

The School District's petition was timely (*Matter of Bianca v Frank*, 43 NY2d 168 [1977]). Education Law § 3020-a (4) and

(5) do not specifically exclude the necessity of serving counsel. *Pagliaroli v Zoning Bd. of Appeals* (66 AD2d 997 [1978]) is distinguishable because unlike the Education Law, the statute at issue there did not require service of notice of the zoning board's determination on any party.

It is settled that an arbitration award may not be vacated unless "it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003], quoting *Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]).

In this matter, respondent was the dean of students at Intermediate School 72 in Staten Island and was responsible for, inter alia, enforcing school rules prohibiting drug use among students, and was the head of the "Safe Cities-Safe Streets" program, which targeted "at risk" students and provided counseling for those with substance abuse problems. Respondent, while holding these positions, was arrested in Brooklyn with one bag of marijuana on his person while sitting in a vehicle containing 10 aluminum bags of what was later determined to be cocaine. Respondent was charged with criminal possession of a controlled substance in the third degree and criminal possession of marijuana in the fifth degree. Respondent subsequently entered into a plea agreement whereby he pled guilty to attempted criminal possession of a controlled substance in the fourth degree and agreed to participate in the Brooklyn Treatment Court program which, if successfully completed, would afford him the opportunity to vacate his guilty plea and have the felony charge against him dismissed. The School District thereafter brought disciplinary charges against Campbell.

We find the hearing officer's determination that Campbell was guilty of possessing the amount of drugs with which he was charged by the School District, but that he should "be returned to his former or similar position in the District if he successfully completes the Brooklyn Treatment Court program" to be irrational and to defy common sense. Such a conclusion, essentially, would allow him to be placed back into a position where he would administer a program designed to discourage drug use among students. Concur—Tom, J.P., Mazzarelli, Saxe, Ellerin and Nardelli, JJ.