■ CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants, v ROCHELLE LORBER, Respondent. [854 NYS2d 393]—

Judgment, Supreme Court, New York County (Leland De-Grasse, J.), entered December 12, 2006, denying petitioners' motion to vacate an arbitration award, confirming the award and dismissing the petition, unanimously affirmed, without costs.

In light of the arbitrator's conclusions that respondent, a teacher in the New York City school system for more than 23 years, had successfully undergone treatment for her addiction and that she was "fit to teach," the arbitration award imposing a fine equivalent to two months' salary, rather than termination, was not irrational and did not violate strong public policy (*see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]; *Appeal of Dubner*, 33 Ed Dept Rep 192 [Decision No. 13,021] [1993]; *cf. City School Dist. of City of N.Y. v Campbell*, 20 AD3d 313, 314 [2005]). Appellants' reliance on *Campbell* is misplaced. The petitioner in that case, a tenured teacher and the head of a program targeting "at risk" students and providing counseling for those with substance abuse problems, was arrested with one bag of marijuana on his person while sitting in

a vehicle with ten bags of what later turned out to be cocaine. He was charged with criminal possession of a controlled substance in the third degree and criminal possession of marijuana in the fifth degree. This Court vacated, as irrational, the hearing officer's determination that while Campbell was guilty of possessing the amount of drugs with which he was charged, he should be returned to his "former or similar position . . . if he successfully completes" a drug treatment program (20 AD3d at 314), finding that the determination "essentially, would allow [petitioner] to be placed back into a position where he would administer a program designed to discourage drug use among students" (*id.*). In *Campbell*, the petitioner was charged with possession with intent to sell, whereas there was no allegation in this case that petitioner's possession was for other than personal use. Moreover, as the IAS court in this case noted, the *Campbell* court "stopped short of finding that Campbell's drug conviction warranted the categorical termination of his employment in the school system." Concur—Lippman, P.J., Tom, Buckley and Moskowitz, JJ.