Judgment, Supreme Court, New York County (Lottie E. Wilkins, J.), entered August 20, 2007, granting petitioner’s motion to confirm an arbitration award and denying respondent’s cross motion to vacate the award, unanimously reversed, on the law, without costs, the motion denied and the cross motion granted to the extent of vacating grievant’s reinstatement, and the matter remanded to the arbitrator for reconsideration of the appropriate penalty.
Grievant, a Child Protection Specialist Supervisor II with the New York City Administration for Children’s Services (ACS), pleaded guilty to grand larceny in the fourth degree, for filing false income tax returns using confidential ACS client information to fraudulently claim entitlement to state and local tax credits. We find that the arbitrator’s award, which determined that while grievant had engaged in a censurable course of conduct that justified punishment he should be restored to his supervisory position at ACS, is irrational (see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79 [2003]), and defies common sense. Reinstated to the position of ACS supervisor, grievant again would have access to the ACS database from which he extracted the information he used to perpetrate his crime (see City School Dist. of City of N.Y. v Campbell, 20 AD3d 313, 314 [2005]; cf. City School Dist. of City of N.Y. v Lorber, 50 AD3d 301 [2008]). In view of the foregoing, we need not reach the issue of whether the award violates public policy. Concur— Saxe, J.E, Nardelli, Moskowitz, Renwick and Freedman, JJ.