■ In the Matter of Social Services Employees Union Local 371, on Behalf of its Member, Matthew Opuoru, Appellant, v City of New York Administration for Children's Services, Respondent. [953 NYS2d 575]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered October 3, 2011, which denied the CPLR 7510 petition to confirm the second award of the arbitrator, reinstating grievant Matthew Opuoru to his former position with respondent City of New York Administration for Children's Services, and granted respondent's cross petition to vacate the award insofar as it orders the reinstatement of grievant, unanimously modified, on the law, the matter remanded to a different arbitrator for reconsideration of the appropriate penalty, and otherwise affirmed, without costs.

Grievant, a Child Protection Specialist Supervisor II with the New York City Administration for Children's Services (ACS), pleaded guilty to grand larceny in the fourth degree, for filing false income tax returns using confidential ACS client information to fraudulently claim entitlement to state and local tax credits. This matter was then assigned to arbitrator Rose F. Jacobs, who imposed a penalty of suspension, after which grievant was to be restored to his former position. On appeal of the

lower court's confirmance, this Court found that the award was irrational and defied common sense because "[r]einstated to the position of ACS supervisor, grievant again would have access to the ACS database from which he extracted the information he used to perpetrate his crime" (56 AD3d 322, 322 [1st Dept 2008], *lv dismissed* 12 NY3d 867 [2009]). Despite the clear directive from this Court not to do so, the arbitrator, on reconsideration after remand, restored grievant to his former position.

We find, once again and for the same reasons, that the arbitrator's award is irrational and defies common sense (*see City School Dist. of City of N.Y. v Campbell*, 20 AD3d 313, 314 [2005]; *cf. City School Dist. of City of N.Y. v Lorber*, 50 AD3d 301 [2008]). In view of the foregoing, we need not reach the issue of whether the award violates public policy.

Supreme Court vacated the award reinstating the grievant and directed the entry of judgment accordingly. We modify only to remand the matter to a different arbitrator for reconsideration of the appropriate penalty.

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Acosta, DeGrasse and Richter, JJ.