(June 10, 2014)

■ In the Matter of SOCIAL SERVICE EMPLOYEES UNION, LOCAL 371, on Behalf of BOWANA ROBINSON, Respondent, v CITY OF NEW YORK et al., Appellants. [988 NYS2d 24]—

Order and judgment (one paper), Supreme Court, New York County (Peter H. Moulton, J.), entered November 9, 2012, which granted the petition to confirm the arbitration award issued on remand that reinstated petitioner's member Bowana Robinson to any eligible civil service position in which he would not have the responsibility to voucher property, and awarded him back pay, seniority and pension benefits as if he had never been terminated, reversed, on the law, without costs, the petition denied, the cross motion to vacate the award granted, and the matter remanded to a different arbitrator for reconsideration of an appropriate penalty.

The award issued upon remand by the arbitrator was irrational (see CPLR 7511 [b] [1] [iii]), as it was not in accord with our directive that petitioner member's criminal conviction mandated a finding of employee misconduct warranting a penalty (82 AD3d 644, 645 [1st Dept 2011]). The reinstatement of petitioner's member to a civil service position with certain limitations of responsibility, along with an award of full back pay, seniority and benefits, effectively did not impose any penalty. We disagree with the dissent that limiting petitioner's member to a position that does not permit him to voucher property is a penalty consistent with our prior decision. Furthermore, remand to a different arbitrator for reconsideration of the appropriate penalty, which can be any penalty within the range of penalties available to the arbitrator, is warranted under the circumstances presented (see e.g. Matter of Social Servs. Empls. Union Local 371 v City of N.Y. Admin. for Children's Servs., 100 AD3d 422, 423 [1st Dept 2012]). Concur—Gonzalez, P.J., Tom and Manzanet-Daniels, JJ.

Saxe and Freedman, JJ., dissent in a memorandum by Freedman, J., as follows: I respectfully dissent and would affirm Supreme Court's confirmation of the arbitrator's award in this CPLR article 75 proceeding. I find that the award was rational and complied with this Court's directions in its prior order in this matter (82 AD3d 644 [1st Dept 2011]).

The relevant facts are as follows: respondent Department of Juvenile Justice (DJJ), a New York City agency, employed grievant Bowana Robinson, a member of union petitioner, as an institutional aide at a DJJ facility from March 1988 until his termination in April 2005. Robinson mainly worked as a janitor at the facility, but one of his additional duties included vouchering the personal property of individuals who were staying there.

In June 2003, Robinson was arrested and charged with larceny for overdrawing funds from his account with the Municipal Credit Union of New York City. In November 2004, Robinson pleaded guilty to petit larceny to resolve the criminal case. He was sentenced to probation and made restitution.

In February 2005, respondents served Robinson with the disciplinary charge that he had engaged in "misconduct that would bring negative criticism upon [Robinson] or [DJJ]." Respondents terminated Robinson effective April 25, 2005 on the ground that he knowingly overdrew funds from his credit union account.

Petitioner thereafter filed a request for arbitration on Robinson's behalf to challenge his discharge. Arbitration proceedings were held in April and May 2008 before Arbitrator

Randi Lowitt of the NYC Office of Collective Bargaining. By stipulation, the parties submitted as the sole issue whether Robinson's discharge was "a wrongful disciplinary action" under the collective bargaining agreement between petitioner union and respondents.

In September 2008, Arbitrator Lowitt issued an opinion and award sustaining Robinson's grievance and directing respondents to reinstate him to his position with back pay and to adjust his seniority and pension benefits as if there had no been break in his employment. The arbitrator found that respondents had failed to prove that Mr. Robinson engaged in the conduct that "[respondents] alleged," had failed to prove that Robinson had stolen money from the credit union, and had not made any showing that "Mr. Robinson is neither qualified to continue working as an Institutional Aide nor that Mr. Robinson is likely to engage in nefarious practices while working as an Institutional Aide."

Thereafter, petitioner brought an article 75 proceeding to confirm the award and respondents cross-moved to vacate it. By order entered May 18, 2009, Supreme Court confirmed the award, finding that it was not inherently irrational and did not violate public policy. The court also found that it was reasonable for the arbitrator to hold that Robinson's plea to a petit larceny charge was inconclusive as to whether he had actually stolen the funds from the credit union.

On respondents' appeal from the May 2009 order, we reversed, holding that "[t]he arbitrator's failure to give preclusive effect to Robinson's guilty plea of petit larceny was irrational," and that "[t]he arbitrator's award places Robinson back into a position where he has the responsibility to voucher property of individuals being brought into a juvenile [justice] facility" (82 AD3d at 645). We remanded the matter to the arbitrator for "an appropriate penalty" (id.).

Upon remand, Arbitrator Lowitt heard arguments from counsel at a second hearing and issued an award acknowledging that, pursuant to this Court's determination, she "should have given consideration to Mr. Robinson's guilty plea to petit larceny before ordering his return to work, which return could have encompassed jobs where he would be responsible to voucher materials and/or property." The arbitrator then directed respondents to return Robinson within 30 days "to a position for which he is eligible, which position is NOT to include any position in which Mr. Robinson would have the responsibility to voucher property of individuals being brought into a juvenile facility." As previously, the arbitrator awarded Robinson back pay

from the date of his discharge and adjustment of his seniority and other benefits.

In the order under appeal, Supreme Court confirmed the award. The court noted that this Court, in its prior decision, did not find Robinson disqualified from employment with respondents, and that the arbitrator had addressed our concern that Robinson not be responsible for vouchering property at the DJJ facility. The court concluded that it was neither irrational nor a violation of public policy for the arbitrator to determine that Robinson could continue his main duties as a janitor at the facility.

I see no basis to disturb the arbitration award and its confirmation by Supreme Court. A court may vacate an arbitrator's award when it violates a strong public policy, is irrational, or exceeds a limitation of the arbitrator's power under CPLR 7511 (b) (1) (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]). An arbitrator is not compelled to uphold the termination of an employee who has been convicted of a crime, and may instead impose a lesser penalty (*see City School Dist. of City of N.Y. v Lorber*, 50 AD3d 301 [1st Dept 2008]). Although the majority finds that the arbitrator disregarded our direction that an "appropriate penalty" be imposed because the arbitrator directed the reinstatement of Robinson with back pay, this was not the case. By limiting Robinson's reinstatement to a position for which he is eligible but which does not permit him to voucher private property, a penalty was imposed. Vouchering property had been part of his job heretofore. Accordingly, the arbitrator placed restrictions on his future employment that would likely disqualify him from resuming his present position and force him to accept a reassignment. Thus, the award is neither irrational nor at odds with our prior decision because, after the arbitrator gave preclusive effect to Robinson's conviction and weighed the other evidence before her, she fashioned an appropriate penalty.