In the Matter of DAMIAN ESTEBAN, Respondent, v DEPARTMENT OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Appellant. [17 NYS3d 21]—

Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered September 20, 2013, granting the petition to vacate the portion of the arbitrator's determination that imposed the penalty of termination of petitioner's employment as a public school teacher, and remanding for imposition of an appropriate lesser penalty, unanimously reversed, on the law, without costs, the petition denied, and the proceeding dismissed.

Petitioner, a school teacher employed by respondent Department of Education (DOE), entered a courthouse in possession of a quantity of heroin, which led to his arrest and widespread negative publicity. DOE brought disciplinary charges against petitioner, which were submitted for determination to an arbitrator pursuant to Education Law § 3020-a. The arbitrator sustained certain of the specifications and determined that the appropriate penalty for petitioner's misconduct was dismissal. Supreme Court granted the petition to vacate the arbitrator's penalty determination. Upon DOE's appeal, we reverse.

An arbitration award determining an employment dispute in public education may not be vacated unless "it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003], quoting *Matter of Board of Educ. of Arlington Cent. School*

*Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]). Here, it cannot be said that it was irrational, against public policy, or ultra vires for the arbitrator to determine that petitioner's public possession of heroin warranted the penalty of dismissal. Nor is the termination of employment as a penalty for such misconduct "so disproportionate to the offense[ ] as to be shocking to the court's sense of fairness" (*Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 569 [1st Dept 2008]). Petitioner's reliance on *City School Dist. of City of N.Y. v Lorber* (50 AD3d 301 [1st Dept 2008]) is unavailing, as the order we affirmed in that case confirmed the arbitrator's penalty determination. Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.